**STATE of Missouri, Plaintiff–Respondent,**

v.

**Stephanie MALICOAT, Defendant–Appellant,**

and

**Stephanie MALICOAT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 20644, 21188.

Missouri Court of Appeals, Southern District, Division Two.

April 14, 1997.

Ellen H. Flottman, Asst. Atty. Gen., Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Stephanie Malicoat (defendant) was convicted, following a jury trial, of two counts of forgery, a class C felony. § 570.090, RSMo 1986. She was found to be and sentenced as a persistent offender. § 558.016.3, RSMo Supp.1993.

Defendant thereafter filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied following an evidentiary hearing.

Defendant appeals the judgment of conviction (No. 20644) and the order denying her Rule 29.15 motion (No. 21188). The appeals were consolidated in accordance with Rule 29.15(*l*) as it existed December 31, 1995. *See* Rule 29.15(m).[1] Two points are presented in the consolidated appeal. Point I is directed to No. 20644. Point II is directed to No. 21188. For the reasons that follow, this court affirms both the judgment of conviction and the order denying defendant's Rule 29.15 motion.

### No. 20644

Defendant was employed by Moore's Manufacturing, Inc., (Moore's) as a bookkeeper and general office worker. Moore's was owned and managed by Winston Perkins. The company had a checking account with Commerce Bank. Defendant's duties included preparing checks for Mr. Perkins' signature. The lower portion of the check included a place for stating the purpose for which the check was written. It was to be completed so that Mr. Perkins would know the nature of the bill being paid. The check writing system Moore's used provided two carbonless copies of each check that was written. The copies were retained for business records. Defendant sometimes presented checks for Mr. Perkins' signature that were incomplete, checks on which the space for the payee's name was blank. He explained, "I trusted her to fill out the check."

The carbonless copies of check No. 6600, the check on which Count II of the information on which defendant was tried was based, showed the check payable to the order of "G & M." The notation on the check indicated it was for fax paper. The copies stated the face amount of the check as "$22.50." The cancelled check, however, was payable to the order of petty cash in the amount of $225.

1. Defendant's sentence was pronounced prior to January 1, 1996. Her Rule 29.15 motion was filed March 4, 1996.

Mr. Perkins testified that his company did not maintain a petty cash fund. He stated he never authorized defendant or anyone else to cash a check for $225 to secure funds with which to purchase office supplies. Moore's followed the procedure of paying for office supplies by check. The check was endorsed "R. Malicoat." Mr. Perkins testified that the endorsement looked like defendant's signature.

Count I of the information was based on Moore's check No. 6633. Carbonless copies of check No. 6633 showed its payee as Empire District Electric. The face amount of the check was $233. The original of check No. 6633 was payable to the order of "S. R. Malicoat." Mr. Perkins testified that he believed the endorsement was defendant's signature.

Defendant does not challenge the sufficiency of the evidence. She presents one claim of trial court error. It is directed to the trial court's sustaining objections to a question concerning reasons why Mr. Perkins might falsely accuse defendant and to a subsequent offer of proof.

Defendant testified at trial. She was asked, "Do you know of any reason that Winston Perkins might want to falsely accuse you of something like this? Are you aware of any reason?" Defendant answered, "Yes, I'm aware of lots of reasons." Her attorney then asked, "Such as?" The prosecutor objected, arguing, "It's improper impeachment, . . ."

The trial judge offered defendant's attorney the opportunity to "make a record outside the hearing of the jury." Defendant's attorney asked, "Do you want to do that now or do you want to do it at the close of her testimony." The judge answered, "At the close of the testimony."

Defendant's attorney was permitted to "make a record" at the conclusion of the testimony in the case. He recalled defendant and posed the question:

Stephanie, this is an offer of proof. When you were testifying earlier, we were starting to talk about motivations for Mr. Perkins to fabricate this evidence against you, motivations that you might be aware of

when we were cut off. Had I been allowed to ask you that question during your testimony, what motivations do you believe Mr. Perkins has to fabricate this evidence against you?

Defendant asked, "Can I now say?" She was told she could answer; to "go ahead and tell the judge what you would have said." She then gave a nine-page narration that included statements concerning her past, statements about her collection of business debts on behalf of her employer, and statements relating what she had been told by other people.

At the conclusion of the offer of proof, the trial judge stated, "The offer is refused. If you're asking to reopen the case to present this evidence, I'm rejecting that offer and will not hear it."

Defendant's first point on appeal asserts the trial court erred in sustaining the state's objection to the question about Mr. Perkins' alleged poor business practices and in overruling her offer of proof. She argues the trial court denied her the opportunity to present a defense by its actions.

 When the trial court sustained the state's objection to the question about why Mr. Perkins might falsely accuse defendant, an offer of proof was required to preserve the challenge to the trial court's ruling for appellate review. *State v. Edwards,* 918 S.W.2d 841, 845 (Mo.App.1996). "[A]n offer of proof must be reasonably specific and should show its materiality unless the purpose of the offer is patent." *State v. Warren,* 628 S.W.2d 410, 412 (Mo.App.1982). "And, if a tender consists of evidence which is admissible in part and inadmissible in part, the trial court is justified in rejecting the entire offer." *Id.*

 The proponent of the offer of proof has the responsibility to sever the good parts and the bad parts of the offer. The materiality and relevancy of defendant's narration was unexplained. It was replete with inadmissible hearsay. Its purpose was anything but patent. Part of it being inadmissible, the offer fails in its entirety. *State v. Panter,* 536 S.W.2d 481, 486 (Mo.App.1976). Point I denied.

*No. 21188*

Defendant's Rule 29.15 motion alleges that she was denied effective assistance of trial counsel. Her complaint is directed to her attorney's failure to object to a portion of the state's closing argument.

The prosecutor told the jury during his closing argument:

[T]he checks were completed with different terms by her, and she knew that she was completing them with terms other than what she was authorized to do. The state's evidence points to the defendant alone. No other evidence was presented— no other credible evidence was presented.

*If you fail to convict this defendant, you're sending a message to people that crime is going to be tolerated, unless we catch you in the act with one or more eyewitnesses that can say, Yeah, I caught her—or him—right in the act. Don't send that message. There are a lot of property crimes that go undetected because people don't hit houses that are—that are occupied, where there won't be any witnesses.*

[The state's argument was interrupted by the trial judge's warning that the state had 15 seconds in which to conclude its closing argument.]

You need to tell this defendant that forgery is not to be tolerated. She did it. You know it. That's firmly convinced. That's proof beyond a reasonable doubt. Please return two verdicts of guilty as to Count I and to Count II. Thank you for your time, ladies and gentlemen. [Emphasis added.]

Point II is directed to the italicized paragraph. It argues the motion court erred in denying defendant's Rule 29.15 motion because defendant was denied effective assistance of counsel in that her trial counsel "failed to object to the prosecutor's closing argument in which he asked the jury to 'send a message' to the community by its verdict."

■ To ascertain the import of the state's argument, the paragraph about which defendant complains must be examined in the context in which it was made. The argument "as a whole" must be considered in determining the tenor of the challenged paragraph.

*See Kenley v. State,* 759 S.W.2d 340, 354 (Mo.App.1988).

The prosecutor was addressing the fact that no one saw defendant do the acts that produced the criminal charges. No one saw her complete the named payees on the original checks differently from the way they appeared on the carbonless copies. No one saw her endorse the two checks although there was testimony that the endorsements appeared to be her signature. No one testified that they remembered seeing her cash the checks. The tenor of the prosecutor's argument was that, notwithstanding this, all ·credible evidence pointed to her guilt.

■ The challenged paragraph is a statement to the effect that the jury should send a message to defendant, and others like her, that someone does not have to observe them commit criminal acts in order for them to be convicted; that such a message deters commission of criminal acts. The argument is a comment on the jury's duty to uphold the law.

■ A prosecutor has wide latitude in making arguments to a jury. *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App.1983). An argument is proper if its thrust is that punishment deters defendant as well as others from committing similar crimes. *Id.* An argument that explains pitfalls that might befall society if a jury fails to perform its duty is permissible. *Kenley v. State, supra.*

■ A prosecutor may argue that a jury has the duty to uphold the law and may make inferences concerning the effect a jury's failure to convict may have when evidence warrants conviction. *State v. Garner,* 760 S.W.2d 893, 901 (Mo.App.1988). It is proper to argue that conviction, based on the evidence adduced, is part of a jury's duty to prevent crime. *State v. Olds,* 603 S.W.2d 501, 511 (Mo. banc 1980).

■ The argument about which defendant complains was consistent with these principles. It was permissible. An attorney is not ineffective in failing to make an objection that would have lacked merit. *State v. Weston,* 912 S.W.2d 96, 103 (Mo.App.1995);

*State v. Pagano*, 882 S.W.2d 326, 337 (Mo. App.1994). Point II is denied.

### Dispositions

The judgment of conviction in No. 20644 is affirmed. The order denying defendant's Rule 29.15 motion in No. 21188 is affirmed.

MONTGOMERY, C.J., and CROW, P.J., concur.