STATE of Missouri, Respondent,

v.

Carl Franklin OLNEY, a/k/a Carl
Franklin Allknee, a/k/a Cle
All–Knee, Appellant.

No. WD 53418.

Missouri Court of Appeals,
Western District.

Submitted Sept. 2, 1997.

Decided Nov. 4, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

SMART, Presiding Judge.

Carl Franklin Olney appeals from his convictions for assault in the first degree, § 565.050, RSMo 1994 [1], and armed criminal action, § 571.015. Olney was sentenced as a persistent offender to ten years on each count, running consecutively. Olney contends that the trial court: (1) plainly erred in imposing consecutive rather than concurrent sentences in the mistaken belief that it was required to run the sentences consecutively with each other; (2) abused its discretion in denying Olney's request that his wrist restraints be removed during trial; and (3) erred in entering judgment and sentence in making the statement that Olney was convicted of assault in the first degree with serious injury (a class A felony), when in fact the jury found Olney guilty of assault in the first degree without serious injury (a class B felony). We affirm appellant's convictions. We remand the case to the trial court for resentencing and for entry of an order *nunc pro tunc*.

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 1995, appellant, Robin McGill (appellant's girlfriend), Kevin Burgeson, Ray Burkett, Alison Shivelhood and Valerie Taylor were at appellant's house. Appellant and Ms. McGill began arguing after Ms. McGill told appellant that she did not want to have anything more to do with him. Appellant pushed Ms. McGill, took her into his bedroom and shut the door. Mr. Burgeson heard screaming and went into the room. He pulled appellant off of Ms. McGill and told appellant to calm down. Appellant and Ms. McGill began fighting again, this time in the hallway. Mr. Burgeson and Mr. Burkett pulled appellant away from Ms. McGill. Mr. Burgeson took appellant into the bedroom and told him to calm down.

Five or ten minutes later, appellant came around a corner with a knife. At this point, Ms. Taylor slipped out of the house to summon the police. Appellant announced, "Someone's gonna get hurt," or "You're all gonna get hurt." Appellant first accosted Mr. Burkett, placing the knife on his chin or neck. Appellant next swung the knife toward Ms. McGill. He sliced Ms. McGill's neck and ear and stabbed her in the leg. Appellant refused to let anyone leave the house for thirty minutes to an hour. At that point, there was a knock on the door. The police were at the door in response to Ms. Taylor's call. Appellant threw the knife to Mr. Burgeson, then answered the door.

The police observed Ms. McGill was covered with a large amount of blood and was hysterical. She was taken to the hospital. The police found appellant's knife hidden under a mattress in the bedroom.

Appellant was convicted, after jury trial, of first degree assault and armed criminal action. He was sentenced to two consecutive ten-year terms of imprisonment. Appellant appeals.

## SENTENCING

Appellant contends that the trial court plainly erred in sentencing him to con-

secutive terms of imprisonment, pursuant to his convictions for assault in the first degree and armed criminal action, because the trial court misinterpreted the armed criminal action statute in its belief that the statute required consecutive sentences. Appellant alleges that if the sentence is left uncorrected, he will suffer manifest injustice. Appellant failed to object at the time of sentencing. He requests review for plain error.

Review for plain error is undertaken pursuant to Rule 30.20. *State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994), *cert. denied,* 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). A defendant will prevail on plain error review where it is shown that the trial court's error so substantially violated his rights that a manifest injustice or miscarriage of justice will occur if the error goes uncorrected. *State v. Skillicorn,* 944 S.W.2d 877, 884 (Mo. banc 1997). Plain error review should not be used as a substitute or as a justification to review every point that has not otherwise been preserved for review. *State v. Clemons,* 946 S.W.2d 206, 224 (Mo. banc 1997).

At the time of sentencing, the trial court made the following remarks:

> All right. For what it's worth, the Court reads 571.015, subparagraph 1, as requiring that any sentence imposed for armed criminal action be imposed in addition to any other punishment provided by law for the crime that was committed with, by and through the use of the dangerous instrument, which in this case, is Count I, so it's got to be a consecutive sentence to Count II—or to Count I at least.

Section 571.015.1 does provide that "[t]he punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the same crime committed by, with, or through to use, assistance, or aid of a dangerous instrument or deadly weapon." However, this provision does not mandate that a sentence imposed under the armed criminal action statute be imposed consecutively to the sentence for the underlying felony. *State v. Treadway,* 558 S.W.2d 646, 653 (Mo. banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), *and overruled on other grounds by Sours v. State,* 593 S.W.2d 208, 210 (Mo. banc 1980).

In *Treadway,* just as in the instant case, the defendant was sentenced to consecutive terms based on the court's belief that such sentences were mandated under the statute. The Supreme Court held that the words "in addition to" do not mandate consecutive sentencing under the statute. *Id.* at 653. Finding that the defendant was not entitled to a new trial, the cause was remanded to the trial court for resentencing. *Id.*

Appellant did not object to the sentences at the time they were imposed. The State points out that any infirmities in sentencing are matters to be raised in the trial court with the grant of allocution. *Arbeiter v. State,* 738 S.W.2d 515, 516 (Mo.App.1987). Where a defendant does not raise the issue of infirmities in the sentencing process, the matter is not preserved for review. *State v. Feeler,* 634 S.W.2d 484, 487 (Mo.App.1981); *State v. Goforth,* 535 S.W.2d 464, 469 (Mo. App.1976).

The State contends that appellant was not prejudiced by the imposition of consecutive sentences, thus plain error review under Rule 30.20 is not appropriate. It reasons that the trial court would have imposed the same punishment despite its mistaken belief that the sentences must run consecutively. At the beginning of the case, the trial court noted that appellant had prior convictions for kidnapping, sodomy, assault and murder. The court found appellant to be a persistent offender. During the sentencing hearing, the trial court interrupted appellant's attorney, telling him that appellant had "some of the most horrendous convictions of any defendant you'll ever see." The trial court advised counsel, "Don't argue the minimum sentence. I mean, that's not a reasonable argument here." The trial court pointed out that appellant "had 40 or 42 years of sentences over the last 25 years for the worst kind of crime short of murder in the first degree: Kidnapping, rape—sodomy, assault, armed criminal action and murder and other assaults." Appellant's attorney suggested a ten-year sentence on the first count consecutive to a three-year sentence on the second count. The State argued for two thirty-year

consecutive sentences. The trial court imposed two consecutive ten-year sentences. The State now argues that these sentences did not result in manifest injustice or amount to a miscarriage of justice and that it is "readily apparent" that the trial court would not have considered imposing concurrent sentences or assessing punishment less than the twenty-year sentence that he handed out.

Although the State makes a persuasive case that the trial court would not have regarded 10-year concurrent sentences as appropriate, and that there could be no injustice in denying relief, we hesitate to deny remand for resentencing. Sentencing is the responsibility of the trial court and we are reluctant to impinge on trial court authority in sentencing. Therefore we will remand for sentencing. Appellant is not entitled to a new trial. *Treadway*, 558 S.W.2d at 653. We remand the cause to the trial court for resentencing. The trial court is directed to exercise its judicial discretion as to whether the sentences imposed on the two counts are to be consecutive or concurrent.[2]

## RESTRAINTS

In Point II, appellant argues that the trial court abused its discretion by denying defense counsel's motion that his wrist restraints be removed at trial. Appellant claims that he was prejudiced by the jury seeing him in shackles and that there is nothing in the record to indicate that the wrist restraints were necessary. He points out that he was already wearing leg restraints and a restraint on his body, so he could not run.

■ Appellant is entitled to appear before a jury unfettered, unless there is good cause. *State v. Gilmore*, 661 S.W.2d 519, 525 (Mo. banc 1983), *cert. denied*, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984). The trial court is responsible for the safety of everyone in the courtroom and for the prevention of escape. *State v. Endicott*, 881 S.W.2d 661, 663 (Mo.App.1994). The use of restraints for security purposes is within the discretion of the trial court. *State v. Kinder*, 942 S.W.2d 313, 330 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 118 S.Ct. 149, —— L.Ed.2d —— (1997). The trial court's decision will be overturned on appeal only if a defendant shows: (1) that the court abused its discretion in requiring that he be restrained; and (2) that he was prejudiced by the court's action. *State v. Jimerson*, 820 S.W.2d 500, 502 (Mo.App.1991). Appellant was charged with a serious crime involving a violent assault upon his girlfriend. He held several people hostage until the police arrived. Appellant's extensive criminal record shows him to be a violent individual. The court noted, in the context of ruling on appellant's motion, that appellant had convictions for sodomy, kidnapping, assault and murder.

■ Furthermore, appellant has not demonstrated any prejudice. Although appellant states in his brief that his handcuffed hands were visible to the jury, there is no citation to the record supporting this contention. Appellant never testified; the record is devoid of any suggestion that appellant's restraints were visible to the jury. Where there is nothing in the record to indicate that the jury actually observed the defendant in restraints, this court will not speculate as to whether they did. *State v. Beal*, 470 S.W.2d 509, 516 (Mo. banc 1971). Without any evidence as to whether any juror saw the restraints, appellant cannot justifiably argue that the presumption of innocence was weakened. Point II is denied.

## NUNC PRO TUNC

■ Appellant, in his Point III, notes that the trial court's judgment is incorrect with respect to Count I. In Count I of the

---

**2.** *Treadway* limits the judicial discretion of the trial court to "whether sentences imposed on the two counts are to be concurrent or consecutive." *Treadway*, 558 S.W.2d at 653. The authority cited for this proposition, *State v. Baker*, 524 S.W.2d 122, 131 (Mo. banc 1975), declared a statute unconstitutional because it mandated consecutive sentences be imposed and remanded for the trial court to make the determination, as an exercise of judicial discretion, as to whether the sentences imposed should be concurrent or consecutive. After examination of *Baker* and its progeny, it does not appear that the trial court has any discretion to alter the sentence in any other way. In other words, Olney is not exposed to the full range of punishment for his crimes upon resentencing.

substitute information, appellant was charged with a violation of § 565.050, assault in the first degree, with an allegation that he had inflicted "serious physical injury" on the victim. Thus, he was charged with a Class A felony. The jury found appellant guilty of the crime of assault in the first degree without serious physical injury, a Class B felony. The court's written judgment incorrectly states that appellant was found guilty of and sentence was entered on the Class A felony, assault in the first degree with serious injury. This entry can be corrected by the entry of an order *nunc pro tunc* correcting the judgment and sentence to reflect that appellant was found guilty of assault in the first degree without serious physical injury, a Class B felony. *See Burgin v. State,* 847 S.W.2d 836, 838–39 (Mo.App.1992).

## CONCLUSION

Appellant's convictions are affirmed. We remand the case to the trial court for resentencing. The trial court shall exercise its judicial discretion with reference to whether the sentences imposed shall be concurrent or consecutive. We also remand for the purpose of entry of an order *nunc pro tunc* correcting the written judgment to reflect that appellant was convicted of assault in the first degree without serious physical injury.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.