**STATE of Missouri, Respondent,**

**v.**

**Carl Franklin OLNEY a/k/a Carl Franklin Allknee a/k/a CLE All–Knee, Appellant.**

**No. WD 55716.**

Missouri Court of Appeals, Western District.

Feb. 23, 1999.

Before: LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Carl Franklin Olney was convicted of assault in the first degree, § 565.050, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994, and was sentenced as a persistent offender to two consecutive ten-year terms of imprisonment. Although his convictions were affirmed by this court on direct appeal in *State v. Olney,* 954 S.W.2d 698 (Mo.App. W.D.1997), the cause was remanded to the trial court for resentencing. In *Olney,* this court found that the trial court's imposition of consecutive sentences was based upon an erroneous belief that § 571.015 requires that any sentence imposed for armed criminal action run consecutively with the sentence imposed for the underlying conviction. 954 S.W.2d at 700. In a footnote, this court observed that the trial court's discretion on remand was limited to determining whether the two ten-year sentences should be concurrent or consecutive, and stressed that "it does not appear that the trial court has any discretion to alter the sentences in any other way." *Id.* at 701, n. 2.

In *Olney,* this court also directed the trial court to enter an order *nunc pro tunc* to correct its written judgment so that it accurately reflected that Olney was convicted of first-degree assault *without* serious physical injury, a Class B felony (the court's original judgment had inaccurately stated that Olney had been found guilty of first-degree assault *with* serious physical injury, a Class A felony). 954 S.W.2d at 702.

On remand, the trial court made an oral pronouncement of its resentence of Olney as follows:

Mr. Olney, it was the intention of the trial court at the time of sentencing to sentence you to a term of 20 years. I did that ten and ten on each count consecutive based upon my understanding of – misunderstanding at the time that the punishment for ACA had to be consecutive, which it does not.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Therefore, it is the judgment and sentence of this Court at this time, sir, on Count I in this cause you be sentenced to a term of 20 years and on Count II that you be sentenced to a term of 20 years, those sentences to be served concurrently.

The resentencing also resulted in a written judgment which, in imposing two concurrent twenty-year sentences, again stated that Olney had been convicted of the Class A felony of assault in the first degree and the Class A felony of armed criminal action.

In his first point on appeal, Olney claims, and the State concedes, that the trial court's twenty-year sentences on remand contradict the explicit instructions set out by this court in *Olney*. Olney acknowledges that his counsel failed to object to the twenty-year terms at resentencing, and therefore seeks plain error relief.

■ Generally, successive direct appeals in criminal cases are not authorized. *State v. Galvan*, 744 S.W.2d 510, 511 (Mo.App. W.D. 1988). However, where, as here, a case on direct appeal is remanded for resentencing, a defendant is entitled to have the new judgment reviewed to determine whether the judgment entered by the trial court is in conformity with our mandate. *State v. Jones*, 552 S.W.2d 45, 46 (Mo.App. E.D.1977).

■ In the case before us, it is clear that the judgment entered by the trial court after remand is not in conformity with this court's directions in *Olney*. In *Olney*, the trial court was instructed that its discretion on remand was limited to determining whether the two ten-year sentences should be concurrent or consecutive, and that the trial court did not have discretion to alter the sentence in any other way. On remand, the trial court expressed an intent to sentence Olney to twenty years, but instead of doing so by imposing two consecutive ten-year sentences, which would have been allowed by this court's directions, it did so by imposing two concurrent twenty-year sentences, which was contrary to this court's directions. We therefore vacate Olney's sentences and remand the cause to the trial court for resentencing.

■ In his second point on appeal, Olney claims that the trial court erred on remand by again stating in its written judgment that Olney had been convicted of the Class A felony of first-degree assault, when the jury had found him guilty of first-degree assault without serious physical injury, a Class B felony. The State concedes this point, and further observes that the trial court, in its written judgment, refers to Olney's conviction for armed criminal action as a conviction of a Class A felony, when in fact armed criminal action is an ungraded felony. We agree with both parties that this point merits relief in the form of an order *nunc pro tunc*.

The sentences imposed by the trial court on remand are vacated, and the cause is again remanded to the trial court for resentencing consistent with this opinion, and with this court's directions in *State v. Olney*, 954 S.W.2d 698 (Mo.App. W.D.1997). We further remand for the purpose of entry of an order *nunc pro tunc* correcting the written judgment to reflect that Olney was convicted of assault in the first degree without serious physical injury, a Class B felony, and that armed criminal action is an ungraded felony, not a Class A felony.

All concur.