STATE of Missouri, Respondent,

v.

Ronald E. TAYLOR, Appellant.

No. 24043.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 8, 2002.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Asst. Atty. Gen., Jefferson City, for Respondent.

KERRY L. MONTGOMERY, Judge.

A jury convicted Ronald E. Taylor (Defendant) of second degree murder and armed criminal action in violation of § 565.021 and § 571.015.[1] The trial court sentenced Defendant as a prior offender to consecutive terms of life and fifteen years' imprisonment.

Defendant appeals contending that the trial court (1) plainly erred in imposing consecutive sentences because the trial judge was unaware that the court had discretion on whether to sentence concurrently or consecutively, and (2) erred in overruling his objection to the prosecutor arguing in opening statement that Defendant "premeditatingly" took the victim's life by shooting him with a rifle.

Defendant does not contest the sufficiency of the evidence to convict him. Therefore, we mention the facts only briefly. On the night of April 6, 1998, Defendant shot Jerry Quinn, the victim, with a rifle in the home of Romona LeBaron near West Plains, Missouri. The victim died from multiple bullet wounds to the head and chest. The shooting occurred after Defendant, the victim, Ms. LeBaron, and another man had been drinking and partying during the evening.

We first address Defendant's second point which complains about the prosecutor in opening statement using the word "premeditatingly" when describing Defendant's acts. Defendant contends this argument was "improper, irrelevant and denigrated the presumption of innocence," but he makes no attempt to show how this alleged error was prejudicial to him. His argument is devoid of any discussion of prejudice resulting from the prosecutor's statement.

1. Statutory references are to RSMo 2000 un- less otherwise indicated.

■ We need not decide whether the trial court erroneously allowed the prosecutor to use the word "premeditatingly" in his opening argument. On direct appeal, we review the trial court's rulings " 'for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.' " *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996) (citation omitted). "Prejudice occurs where an error has an adverse influence on the jury." *State v. Lyons*, 951 S.W.2d 584, 598 (Mo. banc 1997).

■ Here, the prosecutor charged Defendant with first degree murder in violation of § 565.020.1. This statute provides that "[a] person commits the crime of murder in the first degree if he knowingly causes the death of another person *after deliberation* upon the matter." (Emphasis added.) The second degree murder statute, § 565.021.1, provides that "[a] person commits the crime of murder in the second degree if he: (1) knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person...." The quintessential difference between murder in the first degree and murder in the second degree is the *mens rea* element of deliberation or premeditation. *State v. Santillan*, 948 S.W.2d 574, 576 (Mo. banc 1997).

■ As revealed by their verdict, the jury in this case was not convinced that Defendant "premeditatingly" killed the victim. Consequently, the jury returned a verdict on the lesser crime of second degree murder. Clearly, Defendant cannot show any prejudice resulting from the prosecutor's alleged erroneous statements when the jury rejected that effort to convict Defendant of the more severe offense.[2] Point denied.

Defendant's remaining point urges that the trial court plainly erred in sentencing him to consecutive terms of imprisonment because the trial judge mistakenly believed that § 571.015 required consecutive sentences. The State concedes this point is well taken and agrees that if Defendant's sentence is left uncorrected, he will suffer manifest injustice. Certainly, plain error review under Rule 30.20 is appropriate in this case.

In pronouncing sentence, the trial court stated: "The punishment provided in Count II shall be in addition to the punishment in Count I. That's pursuant to Missouri Statute Section 571.015." Later during sentencing, the prosecutor asked the court if Defendant's sentences were "to run consecutively." The trial court replied:

The statute [§ 571.015] says in addition to. I'm not going to try to make a legal determination as to whether that's a consecutive or concurrent sentence in accordance to what the statute says. I will let an additional forum make that determination if it becomes necessary. Okay?

Defendant's counsel offered no objection to the trial court's view of the sentencing requirements of this statute.

■ The trial court correctly read § 571.015.1 in that the statute does state "[t]he punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." However, this

---

2. First degree murder is punishable by death or life imprisonment without eligibility for probation or parole. § 565.020.2. Second degree murder, a class A felony, is punishable by a term of years not less than ten years and not to exceed thirty years, or life imprisonment. § 558.011.1(1).

subsection does not require that a sentence imposed under this statute must run consecutively to the sentence for the underlying felony. *State v. Treadway*, 558 S.W.2d 646, 653 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), overruled on other grounds in *Sours v. State*, 593 S.W.2d 208, 210 (Mo. banc 1980).

In *Treadway*, the defendant was sentenced to consecutive terms based on the trial court's belief that § 571.015 required consecutive sentencing with the underlying felony. The Supreme Court held that the words "in addition to" do not mandate consecutive sentencing under the statute. *Id.* The Court said that the trial court has the discretion to sentence a defendant consecutively or concurrently. *Id.* The Supreme Court remanded the cause for resentencing "wherein the trial judge shall exercise his judicial discretion with reference to whether the sentences imposed on the two counts are to be concurrent or consecutive." *Id.*

In *State v. Olney*, 954 S.W.2d 698 (Mo. App.1997), the court granted plain error relief where the record showed that the trial court read § 571.015 as requiring that a sentence for armed criminal action be served consecutively to that of the underlying conviction. *Id.* at 700–01. *Olney* relied on *Treadway* and remanded the cause for resentencing and directed the trial court to exercise its judicial discretion on whether the sentences imposed on the two counts should be consecutive or concurrent. *Id.* at 701.

Here, as in *Treadway* and *Olney*, the trial court's statements during sentencing indicate that the court may have believed the statute in question required consecutive sentencing. Therefore, we find that Defendant will suffer manifest injustice unless he is resentenced as required in *Treadway* and *Olney*.

Defendant's convictions are affirmed. We remand the cause to the trial court for resentencing, and the trial court shall exercise its judicial discretion regarding whether the sentences imposed shall be concurrent or consecutive.

SHRUM, P.J., and BARNEY, C.J., concur.