**STATE of Missouri, Respondent**

v.

**Uel Joe FREEMAN, Appellant.**

No. 27750.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 26, 2007.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Uel Joe Freeman (defendant) was convicted of assault in the first degree, § 565.050, and armed criminal action, § 571.015.[1] He was charged as, found to be, and sentenced as a persistent offender. *See* § 558.016. This court affirms in part, reverses in part, and remands with directions.

Kuron Wallace, David Casten, Cody Vaughn, and Michelle Wieller[2] were with Aaron Collins at his house watching television. Cody Vaughn asked David Casten to take him to Kuron Wallace's house so that Vaughn could leave a shotgun there. Michelle Wieller asked them to stop by her house while they were out to pick up a bag and a suitcase for her.

While Vaughn and Casten were at Wallace's house, defendant, who was acquainted with the group, appeared and asked if he could go back with them to where Michelle Wieller was—he had been her boyfriend prior to a breakup the day before. The three of them left the Wallace house and picked up the bag and suitcase as Michelle Wieller had requested. They went back to Wallace's house. Defendant got out of the car and went to his van that was parked nearby. He returned to Casten's car and got in the back seat. Defendant had two knives. He touched the knives to the throats of Casten and Vaughn. Defendant told them to go back to Collins' house.

When they arrived at Collins' residence, defendant instructed Casten and Vaughn "not [to] try anything stupid," then got out

---

1. References to statutes are to RSMo 2000.

2. In the transcript filed in this case, Michelle's last name is spelled "Wieller" in some places and "Weiller" in other places. In this opinion, we have used the "Wieller" spelling.

of the car and entered the house. Knives in hand, defendant screamed at Michelle Wieller that if he could not have her, nobody could. Wallace jumped between defendant and Wieller. Defendant stabbed Wallace in the arm and the two of them fell onto a bed. Michelle Wieller got one of the knives away from defendant, but defendant stabbed Wallace in the torso with the remaining knife.

Defendant got off the bed and ran outside to Casten's car. He got in the car in an attempt to escape; however, the ignition keys were not in the car. Defendant threw a knife onto the car seat, and then ran away. Casten took Wallace to a hospital. Wallace was hospitalized "three to four days." He believed he had "seven to nine stitches" to close the wounds.

Defendant's first point on appeal is directed to the trial court sustaining an objection to a question defendant's trial counsel asked a witness, Detective David Sutton, on cross-examination. Detective Sutton was employed as an investigator by the Poplar Bluff City Police Department. Detective Sutton was asked if he spoke to Aaron Collins in the course of his investigation. He replied that he did. Defense counsel started to ask Detective Sutton, "Aaron told you that he was inside—," at which time the prosecuting attorney objected "to whatever Aaron tells him. That's going to be hearsay." Defendant's attorney told the judge that none of what he would ask was being offered for the truth of the matter asserted; that Detective Sutton's report said the witness had lied to him on three separate occasions. He stated he was offering the statement Aaron Collins made "for its falsity, not for its truth. They were lies." The objection was sustained.

Point I argues that the trial court erred in sustaining the objection "in that the testimony was not hearsay since it was offered to show Aaron's bias and lack of credibility, and not for the truth of the matter"; that "it was relevant to [defendant's] defense of self-defense since all of the witnesses lied and changed their stories about what actually happened and whether Kuron Wallace, whom Joe was charged with stabbing, had a gun." [3]

"Hearsay is an out of court statement made by someone not before the court that is offered to prove the truth of the matter asserted. *State v. Larson*, 941 S.W.2d 847, 854 (Mo.App. W.D.1997). Hearsay is not admissible at trial unless an exception to the hearsay rule applies;.... *Id.*" *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 101 (Mo.App.2006). Or, as explained in *State v. Mayes*, 868 S.W.2d 541, 544 (Mo.App.1993), quoting *State v. Harris*, 620 S.W.2d 349, 355 (Mo.banc 1981), "Hearsay is defined as 'in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant.'"

Defendant argues that the statement he contends was made to Detective Sutton by Aaron Collins, and which he requested Detective Sutton to relate to the trial court and jury, was not hearsay in that defendant did not seek to offer that statement for the truth of any matter asserted therein. Defendant is correct that "an out-of-court statement offered not for the truth of the matter asserted, ... is not hearsay and is, therefore, admissible, assuming it is relevant." *State v. Douglas*, 131 S.W.3d 818, 824 (Mo.App.2004). The state asserts that the statement of Aaron

---

**3.** Arguably, defendant did not preserve the claim of error he now raises in that defendant made no offer of proof to the trial court. *See* *State v. Malicoat*, 942 S.W.2d 458, 460 (Mo. App.1997). This court, nevertheless, has reviewed the point on its merits.

Collins that defendant sought to have Detective Sutton recite was not relevant.

A trial court has broad discretion in ruling on the admission or exclusion of evidence at trial. *State v. Robinson*, 90 S.W.3d 547, 550 (Mo.App.2002). Admissibility of evidence requires relevance. *State v. Weekley*, 92 S.W.3d 327, 332 (Mo.App.2002). Evidence is relevant when it tends to confirm or refute a fact in issue, or corroborates evidence that is relevant and pertains to the primary issue in the case. *State v. McCoy*, 69 S.W.3d 482, 484 (Mo.App.2000). Similar to rulings on admissibility, a trial court enjoys broad discretion in determining relevance. *Id.*

*State v. Wilson*, 105 S.W.3d 576, 582 (Mo.App.2003).

■■ Aaron Collins did not testify at trial. There was no issue for determination by the jury that was dependent upon the veracity or lack of veracity of Aaron Collins. Defendant does not contend otherwise. Defendant argues, however, that if Aaron Collins lied to police, the testimony of other witnesses to defendant's acts was likely to be untruthful. This court does not agree. Evidence of a statement by someone who did not testify at trial that is claimed to be untruthful does not confirm or refute a fact in issue, nor does it corroborate evidence that is relevant or that pertains to primary issues for determination by the jury.

We review the admission or exclusion of evidence on an abuse of discretion standard. We determine whether the trial court abused its discretion by refusing to admit evidence and not whether the evidence was admissible. "Failure to admit evidence does not mandate a reversal of a judgment unless the error materially affected the merits of the action." We will reverse only where the error is so prejudicial as to deny [the proponent of the evidence that was not admitted] a fair trial. [Footnotes omitted.]

*Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 331 (Mo.App.2000), quoting *Environmental Waste Management, Inc. v. Industrial Excavating & Equip., Inc.*, 981 S.W.2d 607, 613 (Mo.App.1998).

The trial court's refusal to admit the evidence about which defendant complains in Point I did not materially affect the merits of the action. There was no abuse of discretion by the trial court's refusal to admit the evidence. Point I is denied.

■ Point II contends that the trial court plainly erred in not exercising judicial discretion in ordering the sentence imposed for armed criminal action to run consecutive to the underlying felony of which defendant was found guilty "in that the prosecutor informed the trial court that a sentence for armed criminal action had to be served consecutively to that of the underlying felony, and the trial court did not correct this misstatement, and thereby apparently did not exercise its judicial discretion in sentencing [defendant] to consecutive terms of imprisonment."

The events to which Point II is directed occurred at sentencing when the trial court asked the prosecutor if the state had a recommendation. The prosecutor requested "a thirty-year prison sentence" for the underlying felony, assault in the first degree. He then stated, "Now, as to the armed criminal action, the punishment range on that is three years on up. By the nature of the armed criminal action it cannot be run concurrently and therefore the state is requesting a ten year sentence on the armed criminal action so that they be run consecutively." The trial court granted allocution, then sentenced defendant to imprisonment for 30 years for assault in the first degree and 10 years for armed criminal action. The sentences were or-

dered served "consecutively and not concurrently."

Defendant notes that the trial court followed the prosecutor's recommendations without comment; that it appears from the record that the trial court believed it was required to run the sentence for armed criminal action consecutively to the sentence in the underlying felony. Defendant further notes that because defendant's trial counsel did not object during the colloquy or the pronouncement that the sentences were ordered served consecutively, plain error review is requested.

The circumstances in this case are similar to those in *State v. Taylor*, 67 S.W.3d 713, 715–16 (Mo.App.2002). In *Taylor* the trial court expressed uncertainty as to whether the armed criminal action statute required a consecutive sentence with the sentence in the underlying felony. No objection was posed. The trial court imposed consecutive sentences. The court concluded, under the facts in *Taylor*, that plain error review was appropriate. *Id.* at 715.

*Taylor* points out that the Supreme Court of Missouri held in *State v. Treadway*, 558 S.W.2d 646, 653 (Mo.banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), *overruled on other grounds* in *Sours v. State*, 593 S.W.2d 208, 210 (Mo.banc 1980), that the armed criminal action statute did not mandate consecutive sentencing. *Taylor* concluded that the record indicated the trial court may have believed the armed criminal action statute required consecutive sentencing. *Taylor* held, under those circumstances, that the defendant in that case would suffer manifest injustice unless he was resentenced with the trial court being directed to exercise its judicial discretion in determining whether the sentences imposed should be consecutive or concurrent.

The facts in this case are sufficiently similar to those in *Taylor* to require that

defendant be resentenced with the trial court directed to exercise its judicial discretion regarding whether the sentences shall be concurrent or consecutive. Point II is granted.

Defendant's convictions are affirmed. The case is remanded, however, for resentencing on the conviction for armed criminal action. The trial court shall exercise judicial discretion regarding whether the sentence for armed criminal action shall be served concurrent with or consecutive to the sentence heretofore imposed for assault in the first degree.

RAHMEYER, P.J., and SCOTT, J., concur.