

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37288 |
| | ) | |
| v. | ) | **Filed: February 27, 2023** |
| | ) | |
| RAMIE A. HALBROOK, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable David R. Munton, Judge

**REVERSE AND REMAND WITH DIRECTIONS**

In this case, Appellant Ramie A. Halbrook ("Halbrook") asks us to decide whether the trial court plainly erred in entering its written judgment ordering his sentences to run consecutively where it failed to state the sentences shall run consecutively in its oral pronouncement at sentencing. Both Halbrook and the State agree this was plain error and remand is proper. But they disagree on what directions should accompany that remand. Halbrook urges us to remand with a direction to the trial court to correct the written judgment to conform to its oral pronouncement. The State, on the other hand, urges us to remand for resentencing, arguing the trial court's imposition of sentence was based on a mistaken belief that the sentences had to run consecutively.

We find Halbrook's argument persuasive.  Because an oral pronouncement at sentencing controls where a written judgment materially differs, we reverse and remand with directions to the trial court to enter an order conforming to its oral pronouncement at sentencing.

## Facts and Procedural Background

Halbrook was found guilty of voluntary manslaughter and armed criminal action ("ACA"), following a bench trial.[1]  At the sentencing hearing, the State asked for the trial court to sentence Halbrook to a total of 15 years in prison, with the sentences for each count to run concurrently.  The trial court then inquired, "[y]ou think I have the ability to run an ACA concurrent with the underlying?  Or does it have to be consecutive?"  The State responded, "[i]t doesn't have to be consecutive, but I would have to check on that[.]"  The trial court expressed its uncertainty, noting "I haven't looked at it."  The State later argued:

> *If* you are going to give [a consecutive sentence] to him, *if* it has to be consecutive, I would ask the [c]ourt, I think the manslaughter carries a sentence of five to 15.  I would ask the [c]ourt to give him the, probably the ten years on the ACA and five on the manslaughter or vise-versa, whatever the [c]ourt thinks is appropriate.  *If* it runs consecutive, I think 15 years is an appropriate sentence.

(Emphasis added).  Halbrook's counsel argued for a five-year sentence on the manslaughter charge and a three-year sentence on the ACA.

Following arguments, the trial court pronounced Halbrook's sentence:

> At this time, Mr. Halbrook, on the voluntary manslaughter conviction, I am going to impose a sentence of seven years in the Missouri Department of Corrections.
> On the armed criminal action charge, I am going to impose a sentence of four years in the Missouri Department of Corrections.

---

[1] *See* §§ 565.023 and 571.015.  All statutory references are to RSMo Cum. Supp. (2018) unless otherwise indicated.  Under the version of section 571.015 in effect at the time Halbrook committed the offenses, there was no requirement that a sentence for armed criminal action run consecutively to the underlying felony.  In 2020, however, this statute was amended to require a sentence for armed criminal action to run "consecutive to" any punishment provided by law for the underlying crime.  § 571.015.1 RSMo Cum. Supp. (2020).  Halbrook's offenses occurred prior to the 2020 amendment, so the trial court was not required to run the sentences consecutively.

The trial court's oral pronouncement did not specify if these sentences were to run concurrently or consecutively.

That same day the trial court issued its written judgment.  The written judgment reflected its sentences of seven years for the manslaughter conviction and four years for the ACA conviction but stated the sentences shall run consecutively to each other.  Halbrook appeals from that judgment, arguing in a single point the trial court plainly erred in entering its written judgment ordering his sentences to run consecutively since the trial court failed to make that specification in its oral pronouncement of Halbrook's sentences.

### Standard of Review

Halbrook acknowledges he has not preserved his claim and seeks plain-error review under Rule 30.20.[2]  When a defendant has not preserved a claim of error, we may exercise our discretion to review the claim for plain error.  Rule 30.20.  We will not review a claim for plain error "unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." ***State v. Yount***, 642 S.W.3d 298, 300 (Mo. banc 2022) (quoting ***State v. Clay***, 533 S.W.3d 710, 714 (Mo. banc 2017)).  A sentence not authorized by law affects substantial rights and results in manifest injustice.  ***State v. Sprofera***, 427 S.W.3d 828, 838 (Mo. App. W.D. 2014) (finding plain error where a trial court's written judgment memorialized the defendant's sentence as consecutive when it failed to state the sentence was consecutive at the time of the oral pronouncement and remanding with an instruction to correct the written judgment to reflect concurrent sentences).

We will look to the sentencing transcript to determine the meaning of a trial court's oral pronouncement of sentence only where the oral pronouncement is ambiguous.  ***State ex rel. Zinna v. Steele***, 301 S.W.3d 510, 512 (Mo. banc 2010).  Silence as to whether a sentence shall

---

[2] All rule references are to Missouri Court Rules (2022), except for references to Rule 29.09, which are to Missouri Court Rules (2021).

run consecutively or concurrently during the oral pronouncement of sentence does not create an ambiguity. *See **id.***

## Analysis

Section 558.026.1 states that multiple sentences shall run concurrently unless the court specifies they shall run consecutively.[3] This policy is also reflected in Rule 29.09. Under that rule, the trial court, when pronouncing sentence, must "state whether the sentence shall run consecutively to or concurrently with sentences on one or more offenses for which [the] defendant has been previously sentenced. If the court fails to do so at the time of pronouncing the sentences, the respective sentences shall run concurrently." Rule 29.09. The Supreme Court of Missouri has interpreted this rule to create a "bright-line principle that when a sentencing court fails at the time of oral pronouncement to state whether a sentence is concurrent or consecutive, the mandatory language of the rule fills the gap and renders the sentence concurrent." ***Zinna***, 301 S.W.3d at 514. Moreover, the written judgment of the trial court should reflect the oral pronouncement of the sentence, and if a material difference exists between the oral pronouncement and written judgment, the oral pronouncement controls. ***Id.*** This means that if a trial court fails to specify whether a sentence is to run consecutively or concurrently, Rule 29.09 fills that silence with a concurrent sentence. And, since the oral pronouncement is then a pronouncement that the sentences shall run concurrently, the written judgment must reflect the same. *See **id.*** at 517 (granting habeas relief to the defendant where the trial court's oral pronouncement of sentence was silent as to whether the sentences were to run concurrently or consecutively but the written judgment ordered the sentences to run consecutively).

Both the State and Halbrook agree the trial court plainly erred in entering the written judgment stating the sentences were to run consecutively. We agree. But the State urges us to

---

[3] The statute provides exceptions to this requirement but those exceptions are inapplicable in this case.

remand for resentencing, arguing the trial court's imposition of sentence was based on a mistaken belief the sentences had to be consecutive.

Instead of applying Rule 29.09's bright-line principle, the State blurs the line by conflating an alleged error in the imposition of sentence with an alleged error in the entry of a written judgment. In support of its argument, the State cites to **State v. Elam**, 493 S.W.3d 38 (Mo. App. S.D. 2016), **State v. Freeman**, 212 S.W.3d 173 (Mo. App. S.D. 2007), and **State v. Pierce**, 548 S.W.3d 900 (Mo. banc 2018). In each of these cases, the issue concerned an alleged error made by the trial court in its *imposition* of sentence (i.e., an error when it orally pronounced sentence) and there were no claims the oral pronouncement of sentence conflicted with the written judgment. **Elam**, 493 S.W.3d at 41; **Freeman**, 212 S.W.3d at 176-77; **Pierce**, 548 S.W.3d at 904. In our case, Halbrook is not claiming the trial court erred in its *imposition* of sentence. The imposition of sentence was clear and unambiguous. The alleged error is that the written judgment did not conform to the sentence it imposed during the oral pronouncement. Because **Elam**, **Freeman**, and **Pierce** did not involve a written judgment that differed from the oral pronouncement of sentence—the issue we confront in this case— these cases have no bearing on our analysis.

Nor are we convinced by the State's argument the trial court's imposition of sentence was based on a mistaken belief that consecutive sentences were required. While the trial court asked the State whether it was required to run the sentences consecutively or concurrently *before* it made its oral pronouncement of its sentences, that question does not render its actual oral pronouncement of the sentence ambiguous in any way. The trial court, when it imposed its sentence was simply silent as to whether the sentences were to run consecutively or concurrently. And, by operation of Rule 29.09's gap-filling mechanism, that silence was filled. **Zinna**, 301 S.W.3d at 512. By failing to state whether the sentences were to run concurrently or consecutively, Rule 29.09 dictated the sentences run concurrently. Because there was no mistake as to the *imposition* of sentence—only an error in the written judgment—there is no

5

need to remand for resentencing, as the State suggests. Rather, the written judgment must be corrected to conform to the oral pronouncement of sentence.

## Conclusion

The trial court plainly erred in entering a written judgment that materially differed from its oral pronouncement at sentencing. *See* **State v. Clark**, 494 S.W.3d 8, 14-15 (Mo. App. E.D. 2016) (finding plain error where the written judgment failed to conform with the trial court's oral pronouncement of the defendant's sentences and remanding with directions to correct the written judgment to conform to the trial court's oral pronouncement). We reverse and remand with directions for the trial court to enter a written judgment that conforms to its oral pronouncement by ordering Halbrook's sentences to run concurrently.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS