See also, 817 S.W.2d 535.

**STATE of Missouri, Plaintiff–Respondent,**

v.

**Mark Alan SEATON, Defendant–Appellant.**

**No. 59252.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

J. Bryan Allee, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City,

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

KAROHL, Judge.

A jury convicted defendant, Mark Alan Seaton, of rape, sodomy, kidnapping and three counts of armed criminal action. Defendant is a prior and persistent sexual offender. The court sentenced defendant to lengthy sentences on each charge, all to run consecutive with each other and with defendant's prior existing sentences. Defendant presents four points on appeal, none of which have merit. We affirm.

A brief statement of the facts will suffice to understand our disposition of the appeal. In the early morning hours of January 8, 1989, S.T. was driving home on Highway 100 in Franklin County, Missouri. Defendant was also travelling Highway 100. He flashed his lights at S.T. and induced her to stop. Defendant approached S.T. under the false pretense that the rear wheels of her automobile were throwing sparks. He offered to follow S.T. home. Defendant again flashed his lights on South Point Road. S.T. pulled into a commuter parking lot. Defendant feigned concern over her brakes. When she stepped out of her automobile, defendant grabbed her. With the use of a hunting knife, he forced her into the pickup he was driving and took her to a cornfield where he committed the crimes of rape and sodomy.

■ First, defendant challenges the sufficiency of the evidence to support the armed criminal action conviction which related to the underlying offense of kidnapping. The following evidence, viewed in the light most favorable to the state, is sufficient to support verdict. *See State v. Murphy,* 753 S.W.2d 90, 91 (Mo.App.1988).

PROSECUTOR: [A]fter your head was forced down in his truck, what's the very next thing that occurred?

S.T.: Well, I noticed he had a knife. He had a knife in his hand, and he just insisted I cooperate and to keep my head down, and nothing would happen to me, just keep my head down and cooperate with him.

Q: How as [sic] the knife held?

A: It was just held in his hand.

S.T. testified defendant then drove her, against her will, to a cornfield. From this evidence the jury could have, and did find, defendant committed the offense of kidnapping with the assistance of a deadly weapon. Point denied.

■ Second, defendant contends the multiple convictions for armed criminal action with respect to each underlying felony of rape, sodomy and kidnapping imposed multiple cumulative offenses and punishments for the singular act of using a deadly weapon. This contention was not preserved before the trial court in defendant's motion for new trial. It is reviewable only as a matter of plain error. While defendant candidly admits the case law speaks otherwise, he argues the three armed criminal action convictions violate the double jeopardy clause of the United States and State of Missouri constitutions. Defendant committed three distinct and separate underlying felonies of rape, sodomy and kidnapping, each with the assistance of a knife. Multiple convictions of armed criminal action are proper where defendant has committed separate crimes. *State v. Wallace,* 745 S.W.2d 233, 236 (Mo.App.1987). This is no error, plain or otherwise.

Third, defendant alleges the trial court plainly erred in failing to vacate his convictions and sentences because defendant was denied effective assistance of counsel. Defendant has not filed a motion for post conviction relief under Rule 29.15. We may not consider defendant's claim on direct appeal because Rule 29.15 provides the "exclusive procedure" for claims of ineffective assistance of counsel to be presented on appeal. *State v. Wheat,* 775 S.W.2d 155, 157–158 (Mo. banc 1989), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).

■ Finally, defendant argues the trial court abused its discretion in sentencing him to consecutive terms on all counts based on the state's recommendation which implied that § 558.026 RSMo 1986 requires the sentences on the rape and sodomy con-

victions must run consecutive to each other. Defendant argues the court believed it was required to impose consecutive sentences. However, we find from the following monologue that the court exercised its discretion in sentencing defendant. The court did not "follow the recommendation" because it believed it was mandatory as a matter of law. *See State v. Burgess,* 800 S.W.2d 743, 744 (Mo. banc 1990).

> THE COURT: [N]ot by the wildest extent of the imagination could I feel that you are not guilty of the crimes for which you are charged today. And I certainly believe that you were probably guilty of the other crimes as well.
>
> I'm going to follow the State's recommendation. As a practical matter I really don't have any idea when you might get turned loose. We've got such a crunch of people in the system, in the Department of Corrections, that—probably a lot of people that shouldn't be turned loose are turned loose. So you may be free a lot sooner than a lot of people would like to see you turned loose. But at least I'm going to try to sort of send a little message to the people in the Department of Corrections, that at least I think the crime that you committed is very, very serious and that I think the punishment should be very severe.
>
>       \*     \*     \*     \*     \*     \*
>
> [E]verything is consecutive. And all six of these are consecutive with whatever time you are now doing.

The court was required to make the sentences on the non-sex crimes consecutive to the sentences on the sex crimes § 558.026.1 RSMo Cum.Supp.1984. *Adams v. State,* 688 S.W.2d 401, 402–403 (Mo.App.1985). It had discretion to make sentences on the sex crimes concurrent or consecutive to each other if only sex crimes were charged. *State v. Burgess,* 800 S.W.2d 743, 744 (Mo. banc 1900). Where sex crimes and non-sex crimes are charged the sentences on sex crimes must be consecutive. *Williams v. State,* 800 S.W.2d 739, 740 (Mo. banc 1990). In *Williams* the trial judge "felt that he had pronounced the minimum sentence,"

*Id.* at 741, where all sex crime sentences were consecutive and only sex crimes were charged. The court remanded for re-sentencing only because of the expressed sentiment of the trial judge who had discretion where no non-sex crimes were charged. Here, the court properly made the sentences on the sex crimes consecutive. The court expressed a desire to impose the maximum sentence. Hence, it was not error to make all sentences consecutive to each other and there is no need to remand. Accordingly this point is denied.

Judgment of convictions is affirmed.

SMITH, P.J., and AHRENS, J., concur.