

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,          )
                                )
             Respondent,       )
                                )
    vs.                       )      No. SD33905
                                )      Filed:  June 28, 2016
JEREMIAH ELAM,           )
                                )
             Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Circuit Judge

### **<u>AFFIRMED</u>**

Jeremiah Elam ("Elam") appeals the amended judgment and sentences of the trial court following his convictions for the unclassified felony of statutory rape in the first degree (Count I), and the unclassified felony of first-degree statutory sodomy (Count II).  Following a jury trial, Elam was sentenced to 15 years on Count I, and 10 years on Count II, with the sentences to run consecutively.

In two points on appeal, Elam asserts: (1) the trial court abused its discretion in overruling his objection to the State's question to Elam as to whether Victim was lying, and (2) the trial court erred in directing that his sentences run consecutively after a misstatement by the prosecutor

concerning consecutive sentences for these offenses. Finding no merit to Elam's points, we affirm the amended judgment and sentences of the trial court.

## Factual and Procedural Background

Elam does not challenge the sufficiency of the evidence to support his convictions, so only a short recitation of the facts relevant to the legal issues raised by Elam is necessary. We view the evidence adduced at trial in a light most favorable to the verdict. *State v. Ruff*, 360 S.W.3d 880, 882 (Mo.App. S.D. 2012).

The record reveals that Victim was born in June 1999. Elam married Victim's mother in 2008. Elam began sexually abusing Victim in 2009, and continued abusing her until Victim's Mother and Elam divorced in 2012. In July 2013, Victim reported to her mother that she had long suffered sexual abuse from Elam. Victim was referred to Kids Harbor[1] where she gave a statement and underwent a SAFE exam.

On September 27, 2013, Elam was indicted by a grand jury in Pulaski County for first-degree statutory rape during the time period of March 1, 2009 through May 1, 2009, pursuant to section 566.032 (Count I); first-degree statutory sodomy, pursuant to section 566.062 (Count II); and first-degree statutory rape during the time period of June 1, 2012 through June 30, 2012, pursuant to section 566.032 (Count III).[2]

On a change of venue, a jury trial commenced on March 23, 2015, in Phelps County. Elam testified on his own behalf, and indicated Victim had made false accusations against him in 2010.

---

[1] "Kids Harbor" is a child advocacy center which offers child forensic interviews, forensic exams, and counseling to abused children.

[2] References to sections 566.032 and 566.062 are to RSMo Cum.Supp. (2006). All other references to statutes are to RSMo 2000, unless otherwise indicated.

Elam denied he ever sexually abused or acted inappropriately toward Victim. During the State's cross-examination of Elam, the following testimony was given:

> Q. Mr. Elam, you have been here and heard the testimony today?
>
> A. Yes, sir.
>
> Q. You heard [Victim] testify?
>
> A. Yes.
>
> Q. And comparing your testimony to her testimony, you're saying she's lying --
>
> A. Pretty much, sir.
>
> Q. -- is that --
>
> A. Yes.
>
> Q. Well, let's just get right to the heart of it.
>
> A. Okay.
>
> Q. Why would she be lying?
>
> A. Honestly I don't know.

Elam's counsel objected stating, "[h]e's asking him to speculate as to why she is –" when the trial court interjected and overruled the objection indicating, "[w]ell, he can either say there's a reason, or he can say I don't know." The trial court ruled it would allow the question, and the State continued its cross-examination of Elam:

> Q. Mr. Elam, why do you think [Victim] is lying?
>
> A. You know, sir, I'm not part of their life anymore. You know, I haven't [been] part of their life for a while.

3

The jury found Elam guilty of first-degree statutory rape (Count I), and first-degree statutory sodomy (Count II). Elam was found not guilty of first-degree statutory rape (Count III). Elam waived his right to jury sentencing.

On April 16, 2015, Elam filed a "Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury or, in the Alternative, for a New Trial." The motion asserted, in relevant part, that the trial court erred in overruling defense counsel's objection to the State's inquiry to Elam as to why Victim would lie because it required Elam to comment as to the veracity of another witness.

At sentencing on May 11, 2015, the trial court heard arguments on Elam's motion for new trial. Defense counsel presented no specific argument regarding the alleged trial court error in overruling defense counsel's objection to the State's inquiry to Elam as to why Victim was lying. The trial court denied Elam's motion.

The trial court then proceeded to sentencing. The State's recommendation was that the trial court impose life sentences, which would likely amount to thirty-year terms on each count, with the sentences to run consecutively. The State indicated that consecutive sentencing on Counts I and II was required by law, and defense counsel did not controvert this. Defense counsel instead argued that thirty years on each charge was excessive, and that a lighter sentence was appropriate based on the facts of this case.

In imposing sentence, the trial judge stated:

> Mr. Elam, you -- I will acknowledge that you have an impressive Sentencing Assessment Report. You have little or no history of -- of criminal behavior. But the charges in this case are disturbing.
>
> The evidence was this was an ongoing course of conduct, so probation in the minimum sentence in my mind is not warranted. On the other hand, he does have a relatively clean record, so I believe the maximum sentence is not warranted.

4

The trial court then sentenced Elam to 15 years on Count I and 10 years on Count II, with the sentences to run consecutively. This appeal followed.

In two points on appeal, Elam asserts: (1) the trial court abused its discretion in overruling Elam's objection when the State inquired of Elam whether Victim was lying "in that such questioning was argumentative and it was improper to ask [Elam] to give an opinion as to the veracity of another witness because credibility is solely a matter for the jury to determine[,]" and (2) the trial court erred in sentencing Elam to consecutive terms based on the State's misstatement of the law to the trial court.

## Standard of Review

"A trial court has broad discretion to admit or exclude evidence," and its decision will be reversed only for a clear abuse of discretion. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006) (internal quotation and citation omitted). A court abuses its discretion when its ruling "is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.* (internal quotation and citation omitted).

## Analysis

### *Point I: Objection to Cross-Examination*

In his first point, Elam argues the trial court abused its discretion in overruling defense counsel's objection to the State's cross-examination inquiry of Elam as to why Victim was lying.

In objecting to the State's inquiry, defense counsel stated, "[h]e's asking him to speculate as to why she is –" when the trial court interjected and overruled the objection, indicating "[w]ell, he can either say there's a reason, or he can say I don't know."

At trial, Elam objected to the State's inquiry on the basis that the question called for speculation. Elam's motion for new trial alleged that the trial court erred in overruling the

5

objection to that question because it called for speculation and sought comment on the veracity of another witness. The point on appeal alleges that the trial court erred in overruling Elam's objection when the State asked whether Victim was lying because the question was argumentative and because it called for Elam to comment on the veracity of another witness. The arguments in Elam's point on appeal are not the same as the objection lodged at trial. There must be continuity between a lodged objection, the motion for new trial, and the point on appeal for a claim to be preserved for appellate review. *See State v. Walter*, 479 S.W.3d 118, 123 (Mo. banc 2016).

Furthermore, Elam's claim would not be preserved even if it were encompassed by the question to which an objection was made. Defense counsel did not object to the challenged question until after Elam answered it. An objection made after the witness has answered the question is untimely and in the absence of a motion to strike the answer, the ruling of the trial court on the objection is not preserved for appellate review. *See State v. Blurton*, 484 S.W.3d 758, 774 (Mo. banc 2016). Because defense counsel failed to move for a motion to strike after Elam answered the challenged question, Elam's point relied on challenging the trial court's ruling on the question is waived.

Elam fails to demonstrate that the trial court abused its discretion in overruling defense counsel's objection to the State's question to Elam as to why Victim was lying. Point I is denied.

### Point II:  Consecutive Sentences

In his second point, Elam argues the trial court plainly erred in sentencing Elam to consecutive sentences for Counts I and II because the State incorrectly argued to the sentencing court that the law required consecutive sentences.

6

Issues that were not preserved[3] may be reviewed for plain error only, which requires the reviewing court to find that manifest injustice or a miscarriage of justice has resulted from the trial court error. Review for plain error involves a two-step process. The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Baumruk*, 280 S.W.3d 600, 607-08 (Mo. banc 2009) (internal quotations and citations omitted).

During sentencing, the State outlined the range of punishment for the two offenses for which Elam was convicted. The prosecutor then said, "[n]ow, my research and knowledge is that these sta – these two offenses, whatever sentence is imposed, if a sentence is imposed at all, has to run consecutively." Neither defense counsel nor the trial court questioned that statement. Instead, defense counsel argued that consecutive sentences of thirty years' imprisonment on each count would be excessive.

The State concedes that the prosecutor's statement was incorrect as to sentencing under section 558.026.1, in that the court had discretion to issue consecutive or concurrent sentences for multiple convictions for sex offenses. Specifically, at the time of Elam's crimes, the statute governing the imposition of concurrent or consecutive sentences provided, in relevant part:

Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy,

---

[3] Defense counsel failed to challenge the State's misstatement of the law regarding when sentences must be consecutive as opposed to concurrent. Elam's brief on appeal concedes that plain error review is the applicable standard of review.

7

forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

§ 558.026.1. That provision has been interpreted by our courts to mean that sentences for sex offenses must run consecutively to non-sex offenses committed at the same time, but the trial court has discretion to impose consecutive or concurrent sentences for multiple sex-crime convictions. *See*, *e.g.*, **Williams v. State**, 800 S.W.2d 739, 740 (Mo. banc 1990); **State v. Seaton**, 815 S.W.2d 90, 92 (Mo.App. E.D. 1991). Therefore, the prosecutor was incorrect when he suggested that consecutive sentencing was mandatory for the two sex offenses of which Elam was convicted.

When the record demonstrates that the trial court imposed consecutive sentences instead of concurrent sentences based on a misunderstanding of the law, such conduct is plain error and the defendant is entitled to re-sentencing. **State v. Freeman**, 212 S.W.3d 173, 177 (Mo.App. S.D. 2007). However, when the record indicates that the trial court's sentence was a product of the trial court's own valid considerations and not a mistaken apprehension of what was required under the law, our appellate courts have refused to reverse for new sentencing. *See*, *e.g.*, **State v. Scott**, 348 S.W.3d 788, 799-800 (Mo.App. S.D. 2011), *abrogated on other grounds by* **State v. Sisco**, 458 S.W.2d 304, 312 (Mo. banc 2015); **Seaton**, 815 S.W.2d at 91-92.

As the State indicated at sentencing, Count I, statutory rape in the first degree of a child under 12, carried "a minimum of 10 years in prison and a maximum of life in prison, or any number in between." Count II, statutory sodomy in the first degree of a child less than 14 years of age, carried "a minimum of five years to life, or any number [in] between." The State requested two 30-year terms to run consecutively. Here, the trial court described its rationale for issuing the sentences to Elam:

> Mr. Elam, you -- I will acknowledge that you have an impressive Sentencing Assessment Report. You have little or no history of -- of criminal behavior. But the charges in this case are disturbing.

8

The evidence was this was an ongoing course of conduct, so probation in the minimum sentence in my mind is not warranted. On the other hand, he does have a relatively clean record, so I believe the maximum sentence is not warranted.

. . . .

Mr. Elam, it is the judgment and sentence of this [c]ourt that you be taken by the sheriff of Phelps County to the Missouri Department of Corrections there to serve a term of 15 years as to Count I and 10 years as to Count II, those sentences to run consecutive and not concurrent.

It is apparent that the trial court's sentences were based on the conflicting considerations that Elam's crimes had been serious and ongoing, but also that Elam had not previously committed serious offenses. The ultimate sentences were approximately in the middle range available to the trial court, reflecting the trial court's weighing of these factors. The record shows that the sentences were based on valid considerations; there is no indication that the trial court's sentences were based on a misapprehension of the applicable law, or that the trial court relied on the prosecutor's misstatement of the law. *See Scott*, 348 S.W.3d at 799-800, *Seaton*, 815 S.W.2d at 91-92. Therefore, Elam fails to show that the trial court plainly erred in sentencing Elam to consecutive sentences, rather than concurrent sentences. Point II is denied.

The judgment and sentences of the trial court are affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

DON E. BURRELL, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS