Pierce was represented by Natalie Hull Hoge of the public defender's office in Kansas City, (816) 889-7699.
The state was represented by Nathan J. Aquino of the attorney general's office in Jefferson City, (573) 751-3321.
Zel M. Fischer, Chief Justice *902 Bryan Pierce was found guilty in a court-tried case of one count of possession of child pornography. On appeal, he argues the circuit court erred in overruling his motion to suppress evidence and in sentencing him to 15 years' imprisonment. The circuit court's judgment is affirmed.
Factual and Procedural History
Police officers were dispatched to Pierce's home after he called a suicide hotline and said he was hearing voices, including his cat's, telling him to stab himself. When officers arrived, Pierce told them the same. One officer asked Pierce if he wanted them to check the residence to make sure nobody was inside to give Pierce "a little peace of mind." Pierce agreed. Once inside Pierce's home, officers noticed a screensaver on a computer in plain view appearing to depict naked underage girls in a sexually suggestive manner. After officers determined the pictures were saved to the computer's hard drive, they removed the computer and secured a warrant to search it. Pierce was subsequently charged with one count of possession of child pornography.
Before his bench trial, Pierce filed a motion to suppress the evidence seized from his home, arguing he was unable to consent to the officers' warrantless search of his home because he was emotionally disturbed at the time. The circuit court agreed Pierce's consent was not voluntary for this reason but concluded the search was lawful pursuant to the exigent-circumstances exception. Pierce again objected to introduction of the evidence at trial, but was overruled. The circuit court found Pierce guilty.
At Pierce's sentencing hearing, the circuit court stated, "[H]aving proven the defendant up as a prior and persistent offender, it's my understanding that the defendant, his range of punishment was, pursuant to statute, extended to ten to 30 years, is that correct, Mr. Horsman?" Mr. Horsman, the prosecutor, did not confirm this was the range but responded, "We had agreed to a lid of 20, Your Honor." Pierce made no objection to the circuit court's statement concerning the range of punishment. In sentencing Pierce, the circuit court discussed several factors in-depth-ability to be rehabilitated, retribution, and likelihood of re-offending-and concluded "those factors, regardless of my views of whether he's a [sic] good or bad, are what drive my sentence in this case so I meant to mention that before." The circuit court then sentenced Pierce to 15 years' imprisonment. Pierce appealed, and after opinion by the court of appeals, this Court sustained transfer. Mo. Const. art. V, § 10.
Analysis
Pierce first argues the circuit court erred in overruling his motion to suppress evidence. Specifically, he argues the State failed to prove by a preponderance of the evidence that his consent was voluntary or that exigent circumstances existed warranting the officers' warrantless entry into his home. "A consent to search is valid only if it is freely and voluntarily given." State v. Hyland , 840 S.W.2d 219, 221 (Mo. banc 1992). But even assuming, without holding, that Pierce's consent to the search was not freely and voluntarily given, application of the exclusionary rule is not appropriate in this case.
"It is a question of law whether ... the exclusionary rule applies to the evidence seized" and "[q]uestions of law are reviewed de novo. " State v. Johnson , 354 S.W.3d 627, 632 (Mo. banc 2011). "Suppression of evidence, however, has always been our last resort, not our first impulse."
*903 Hudson v. Michigan , 547 U.S. 586, 591, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006). "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search." Davis v. United States , 564 U.S. 229, 236, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011) (citation omitted). "For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." Id. at 237, 131 S.Ct. 2419. The "deterrence benefits of exclusion 'var[y] with the culpability of the law enforcement conduct' at issue." Id. at 238, 131 S.Ct. 2419 (citation omitted). "When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." Id. (citation omitted). "But when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful, or when their conduct involves only simple, 'isolated' negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way." Id. (internal citations and quotation marks omitted). Accordingly, "[p]olice practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield 'meaningfu[l]' deterrence, and culpable enough to be 'worth the price paid by the justice system.' " Id. at 240, 131 S.Ct. 2419 (citation omitted).
Pierce argues application of the exclusionary rule is warranted in this case because the officers acted deliberately, recklessly, or with gross negligence in conducting a search based on the consent of a man who was emotionally disturbed and had been hallucinating. But regardless of whether Pierce voluntarily consented, the circumstances do not warrant application of the exclusionary rule because there was no indication the officers had knowledge, or should be charged with knowledge, that the search was unconstitutional-i.e., there is no indication they acted in bad faith. As stated above, this case could fall into the good-faith category or, at worst, the isolated-negligence category. There is no indication this police department (or police, in general, in this State) routinely rely on the consent of those who are emotionally or mentally disturbed in an effort to conduct warrantless searches.
"[I]solated, nonrecurring police negligence ... lacks the culpability required to justify the harsh sanction of exclusion." Id. at 239, 131 S.Ct. 2419 (internal quotation marks omitted). The officers' actions in this case were not the type of deliberate police practices that would lead to meaningful deterrence. Accordingly, the circuit court did not err in overruling Pierce's motion to suppress evidence.
Pierce next argues he was sentenced based on the circuit court's "materially false understanding of the possible range of punishment" because the circuit court initially misstated the appropriate range. Pierce is correct the circuit court misstated the range of punishment. Pierce was convicted of a class B felony and found to be a persistent offender. The ordinary range of punishment for a class B felony is five to 15 years, and 10 to 30 years for a class A felony. Sections 558.011.1(1)-(2), RSMo Supp. 2013. At the time of sentencing, only the maximum sentence increased for a persistent offender, while the minimum sentence was unaffected-e.g., a persistent offender convicted of a class B felony was subject to a range consisting of the minimum sentence for a class B felony and the maximum sentence for a class A felony. See § 558.016.7(2), RSMo Supp. 2013; see also, e.g. , State v. Cowan , 247 S.W.3d 617, 619 (Mo. App. 2008) (explaining "the statute only extends the maximum sentence but does not alter the minimum sentence"). As such, Pierce was subject to a *904 sentencing range of five to 30 years, not 10 to 30 years.
Pierce concedes this argument is not preserved for review because he failed to object at the sentencing hearing. Nevertheless, he requests this Court review his sentence for plain error. "Any issue that was not preserved at trial can only be reviewed for plain error, which requires a finding that manifest injustice or a miscarriage of justice has resulted from the trial court error." State v. Letica , 356 S.W.3d 157, 167 (Mo. banc 2011). "Relief under the plain error rule is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected." State v. Hadley , 815 S.W.2d 422, 423 (Mo. banc 1991). While the circuit court at sentencing initially misstated the appropriate range of punishment, Pierce, who "bears the burden of establishing manifest injustice," as "determined by the facts and circumstances of the case," has failed to meet his burden. State v. Baxter , 204 S.W.3d 650, 652 (Mo. banc 2006).
At sentencing, the circuit court discussed the reasons underlying its imposition of a 15-year sentence at some length, primary among them that Pierce might re-offend and abuse other children. The circuit court explained, in pertinent part:
If I knew that you went free from this court to abuse another child, it would be very difficult for me to live with myself for that reason. So I always am concerned about that issue, regardless of whose in front of me, but for someone who maybe have [sic] previously committed those type of offenses and arguably has those type of tendencies, then it is something that sincerely concerns me and will probably drive my decision in this case more so than anything else .
(Emphasis added). The circuit court called Pierce's recidivism "the most important factor in this case."
"A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome." Wraggs v. State , 549 S.W.2d 881, 884 (Mo. banc 1977). However, this Court has never vacated a sentence and remanded the case to the circuit court for resentencing pursuant to plain-error review simply because the record shows the circuit court was mistaken concerning the acceptable sentencing range. Rather, this Court has vacated a sentence and remanded the case to the circuit court for resentencing when the record shows the circuit court imposed sentence based on its mistaken belief.
In Wraggs , this Court did just that because the record "clearly and unequivocally" demonstrated the circuit court, at the time of sentencing, sentenced the defendant "on the basis of assumptions concerning his criminal record which were materially untrue," namely, that he had been legally convicted of five prior convictions when in fact he only had been legally convicted of three because two convictions were invalidated, which meant the defendant's sentence "might have been different if the sentencing judge had known that at least two of [the defendant's] previous convictions had been (illegally) obtained." Id. at 883-84, 886 (citations omitted).[1]
*905 This Court in Wraggs explained that "on this record the conclusion is inescapable that the sentencing judge ... took into consideration 'the totality' of [the defendant's] prior convictions, including the two 10-year robbery sentences later invalidated." 549 S.W.2d at 884. "The fact remains that it was the sentencing judge who declared at the sentencing that the 10-year sentences [the defendant] was then serving played a significant part " in its sentencing decision. Id. at 886 (emphasis added).[2] Here, while the record shows the circuit court held a mistaken belief concerning the minimum range of punishment, Pierce has failed to demonstrate a manifest injustice or miscarriage of justice in that the record fails to prove the circuit court imposed sentence based on the mistaken range of punishment.[3]
Furthermore, the court of appeals has refused to remand for resentencing-on plain-error review or otherwise-when the record shows the circuit court imposed sentence based on valid considerations unaffected by any mistaken belief. See, e.g. , State v. Elam , 493 S.W.3d 38, 43-44 (Mo. App. 2016) ; State v. Scott , 348 S.W.3d 788, 799-800 (Mo. App. 2011), abrogated on other grounds by State v. Sisco , 458 S.W.3d 304, 312 (Mo. banc 2015) ; State v. Seaton , 815 S.W.2d 90, 91-92 (Mo. App. 1991).[4]
*906 The record in this case does not support a conclusion that the circuit court imposed sentence based on its mistaken belief.[5] In fact, this record expressly demonstrates the opposite conclusion. The record shows the circuit court considered and discussed several factors when determining sentencing length, and the circuit court even expressed that it was imposing sentence based on those factors. In other words, the "record shows that the sentence[ ] w[as] based on valid considerations" and "there is no indication that the trial court's sentence[ ] w[as] based on a misapprehension of the applicable law." Elam , 493 S.W.3d at 44 ; see also Scott , 348 S.W.3d at 800 ("Where ... the record demonstrates that the judge's decision to impose consecutive sentences was based on valid considerations, such as independent consideration of the severity of the crimes, no error will be found."); Seaton , 815 S.W.2d at 91-92.
Pierce has the burden to establish the circuit court based its sentence on a mistaken belief, not merely that it held such a belief. Anything short of that does not rise to the level of manifest injustice. Here, Pierce has failed to make a case-specific showing that he was sentenced based on the circuit court's mistaken belief. See Baxter , 204 S.W.3d at 652. Accordingly, the circuit court did not err in sentencing Pierce to 15 years' imprisonment.
Conclusion
The circuit court's judgment is affirmed.
Wilson and Russell, JJ., and Lynch, Sp.J., concur;
Breckenridge, J., concurs in part and dissents in part in separate opinion filed;
Draper and Stith, JJ., concur in opinion of Breckenridge,
J. Powell, J., not participating.

"Generally, invalid convictions may not be used to enhance punishment." McDaris v. State , 843 S.W.2d 369, 374 (Mo. banc 1992).

Although this Court in Wraggs did not conduct plain-error review, it concluded resentencing was an appropriate remedy for the alleged error only because the record "clearly and unequivocally" demonstrated the circuit court, at the time of sentencing, sentenced the defendant on the basis of a mistaken belief. Id. at 883. Here, pursuant to plain-error review, Pierce "has shown no specific reason that, considering the facts and circumstances unique to his case, the circuit court's error resulted in manifest injustice. Accordingly, [he] has failed to carry his burden on plain error review." State v. Johnson , 524 S.W.3d 505, 515 (Mo. banc 2017).

To the extent the court of appeals' decisions cited in the dissenting opinion are inconsistent with this Court's decision in Wraggs , they should no longer be followed. See, e.g. , State v. Summers , 456 S.W.3d 441, 447 (Mo. App. 2014) (remanding case for resentencing because of "the circuit court's misstatement of the law" pursuant to State v. Taylor , 67 S.W.3d 713, 715-16 (Mo. App. 2002), and State v. Olney , 954 S.W.2d 698, 700-01 (Mo. App. 1997) ); State v. Powell , 380 S.W.3d 632, 635 (Mo. App. 2012) (remanding case for resentencing because "the record implies that the trial court believed it was compelled to impose consecutive sentences and [sic] trial court did not express a different reason for imposing the consecutive sentences"); Cowan , 247 S.W.3d at 619 ("[T]he trial court never acknowledged that a mistake was made nor did the trial court state that Mr. Cowan's sentence was based on the correct range of punishment.").

The dissenting opinion concludes these cases are distinguishable from the case sub judice because they involved misstatements communicated by one of the parties with no indication in the record that the circuit court relied on such misstatements when imposing its sentence, whereas this case involves a misstatement made by the circuit court. Certainly, a circuit court relying on a misstatement made by a party is a factor in determining whether that reliance affected the sentence imposed. However, such a factor is not the sole factor a reviewing court would look at in making such a determination. Indeed, in Elam , in concluding the defendant failed to show the circuit court plainly erred, the court of appeals explained the "record shows that the sentences were based on valid considerations ; there is no indication that the trial court's sentences were based on a misapprehension of the applicable law , or that the trial court relied on the prosecutor's misstatement of the law ." 493 S.W.3d at 44 (emphasis added) (citing Scott , 348 S.W.3d at 799-800, and Seaton , 815 S.W.2d at 91-92 ). Accordingly, these cases recognize that a defendant must demonstrate that the circuit court imposed sentence based on a mistaken belief, which Pierce has failed to do.
Additionally, the dissenting opinion takes Elam out of context. Although Elam acknowledged there is plain error entitling the defendant to resentencing "[w]hen the record demonstrates that the trial court imposed " one type of sentence instead of another "based on a misunderstanding of the law," it stated the caveat that "when the record indicates that the trial court's sentence was a product of the trial court's own valid considerations and not a mistaken apprehension of what was required under the law," Missouri appellate courts "have refused to reverse for new sentencing ." 493 S.W.3d at 43 (emphasis added). The dissenting opinion's piecemeal reading of Elam is not a fair reading of the court of appeals' holding in that case.
Furthermore, the dissenting opinion's conclusion-that the circuit court's considerations of valid factors at sentencing "do not dispel that the sentencing judge is using those factors to sentence the defendant within the context of the mistaken range"-is at odds with Pierce's burden under plain-error review. Pierce has to establish the circuit court based its sentence on the mistaken belief, not merely that it held a mistaken belief.

Unlike in State v. Williams , 465 S.W.3d 516, 520-21 (Mo. App. 2015), and State v. Troya , 407 S.W.3d 695, 700-01 (Mo. App. 2013), which are cited favorably by the dissenting opinion, the circuit court did not sentence Pierce to the misstated minimum sentence; instead, it sentenced Pierce to a sentence well above the minimum sentence for the expressly relevant reasons discussed above.