OPINION CONCURRING IN PART AND DISSENTING IN PART
Patricia Breckenridge, judge
I concur in the principal opinion's holding that the circuit court did not err in overruling Bryan Pierce's motion to suppress evidence. I respectfully dissent, however, from the principal opinion's holding that the circuit did not err in sentencing Mr. Pierce based on a mistaken belief as to the applicable enhanced range of punishment.
The principal opinion acknowledges the circuit court misstated the range of punishment on the record at the sentencing *907 hearing when it stated expressly, on the record, that the sentencing range was 10 to 30 years. Pursuant to section 558.011.1(1),[1] Mr. Pierce's enhanced range of punishment as a prior and persistent offender was five to 30 years, or life in prison. Yet the principal opinion concludes Mr. Pierce failed to establish error resulted from the misstated range of punishment simply because the circuit court articulated other valid sentencing considerations during the sentencing hearing. Such a conclusion misconstrues Missouri case law on the subject and ignores the manifest injustice that inevitably results when a judge sentences a defendant with a mistaken belief as to the applicable range of punishment.
First, neither the principal opinion nor the state cite a single case in which the reviewing court has not found reversible error-plain or otherwise-when a sentence has been imposed by a circuit court that expressly misstated the range of punishment or the law regarding consecutive sentencing on the record. More specifically, Missouri courts have found plain error and remanded for resentencing in every case in which the trial court stated an incorrect range of punishment or incorrectly stated the law required consecutive sentencing and the error was not properly preserved for appellate review. See, e.g., State v. Williams , 465 S.W.3d 516, 520-21 (Mo. App. 2015) ; State v. Summers , 456 S.W.3d 441, 445-47 (Mo. App. 2014) ; State v. Troya , 407 S.W.3d 695, 700 (Mo. App. 2013) ; State v. Powell , 380 S.W.3d 632, 635 (Mo. App. 2012) ; State v. Taylor , 67 S.W.3d 713, 715-16 (Mo. App. 2002) ; State v. Olney , 954 S.W.2d 698, 701 (Mo. App. 1997). Accordingly, Missouri courts have repeatedly found plain error results when a sentence is imposed by a circuit court that has expressly misstated the range of punishment on the record.
The principal opinion reasons this body of case law can be ignored because the circuit court considered and discussed several factors when it imposed Mr. Pierce's sentence. In doing so, the principal opinion relies on cases in which Missouri courts have held a defendant is not entitled to resentencing "when the record indicates that the trial court's sentence was a product of the trial court's own valid considerations and not a mistaken apprehension of what was required under the law." State v. Elam , 493 S.W.3d 38, 43 (Mo. App. 2016) ; see also State v. Scott , 348 S.W.3d 788, 800 (Mo. App. 2011), abrogated on other grounds by State v. Sisco , 458 S.W.3d 304, 311 (Mo. banc 2015) ; State v. Seaton , 815 S.W.2d 90, 92 (Mo. App. 1991). But these cases relied upon by the principal opinion are readily distinguishable from the present case in that none involved a misstatement of the law during sentencing by the circuit court. Instead, these cases involve misstatements by a prosecutor with no indication in the record that the circuit court relied on such misstatements when imposing its sentence. See Elam , 493 S.W.3d at 44 (finding no plain error when the prosecutor misstated that the defendant's sentences must run consecutively because there was no indication the circuit court relied on the prosecutor's misstatement of the law); Scott , 348 S.W.3d at 800 (finding no plain error when the record indicated the circuit court "did not simply rely on the prosecutor's incorrect interpretation of the statute"); Seaton , 815 S.W.2d at 92 (finding no error occurred when the prosecutor's recommendation implied consecutive sentencing was required in that the circuit court's comments during sentencing established the court did not believe *908 the state's recommendation was mandatory as a matter of law).
Elam , Scott , and Seaton , therefore, are inapposite to the present situation in which the circuit court-not the prosecutor-expressly stated a mistaken understanding of the law-the incorrect range of punishment-on the record during the sentencing hearing. Accordingly, this is not a case in which "the record indicates that the trial court's sentence was a product of the trial court's own valid considerations and not a mistaken apprehension of what was required under the law ." Elam , 493 S.W.3d at 43 (emphasis added).[2]
Furthermore, the principal opinion draws a distinction between the circuit court holding a mistaken belief as to the range of punishment and the circuit court basing its sentence on an incorrect sentencing range. In doing so, the principal opinion relies on Wraggs v. State , 549 S.W.2d 881 (Mo. banc 1977). But this Court in Wraggs made no such distinction. In fact, this Court implemented a different standard in vacating the defendant's sentence in Wraggs than what the principal opinion's analysis suggests.
In Wraggs , the defendant appealed from an order overruling his motion for postconviction relief in which he asserted his sentence should be vacated because it resulted from the sentencing court's consideration of two prior convictions that had been unconstitutionally obtained and were later deemed invalid. Id. at 883. The judge who adjudicated the defendant's postconviction motion was the same judge who had imposed the defendant's 13-year sentence. Id. at 883. The judge overruled the defendant's postconviction motion, finding "the sentence imposed 'was within the court's sound discretion and was not based on any prior conviction which was unconstitutional' " and "the 13-year sentence was 'justified * * * by the severity of the crime * * * and the previous conviction for burglary.' " Id. (alterations in the original).
Relying on United States v. Tucker , 404 U.S. 443, 448, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), this Court explained: "The pertinent question is whether the sentence was predicated on misinformation; whether the sentence might have been different if the sentencing judge had known that at least two of appellant's previous convictions had been illegally obtained." Wraggs , 549 S.W.2d at 884 (emphasis added). This Court then held that due process required the sentence to be vacated and the cause remanded for resentencing, stating:
It is not for us to say that this change [in the prior convictions] would not influence, although not compel, a sentencing judge to render a lesser sentence. This is true even though, as [the sentencing judge] has stated, the 13-year sentence was within legal limits and his discretion; it was not based upon prior convictions which were unconstitutional and was justified and supported by the severity of the crime of assault with intent to main with malice.
Id. at 886.
Applying this Court's analysis in Wraggs , the proper standard in this case is *909 whether Mr. Pierce's sentence might have been different had the circuit court's sentence not been predicated on the mistaken sentencing range. Even when, as here, a sentencing court makes statements regarding valid factors it considered in imposing sentencing, such statements do not negate that the sentencing court used those factors to sentence the defendant within the context of an incorrect range of punishment.
To reason, as the principal opinion does, that the circuit court based its sentence wholly on the factor of recidivism overlooks the requirement that a defendant must be sentenced within the statutorily approved range of punishments. See State v. Hart , 404 S.W.3d 232, 234 n.2 (Mo. banc 2013). The correct range of punishment, therefore, is an essential predicate to imposing any sentence, and sentencing a defendant when mistaken as to that applicable range inherently affects the sentencing process and might lead to a different sentence.
The precedent set by the principal opinion will place on a defendant the nearly impossible burden of proving the sentence would be different if the circuit court had not been mistaken as to a foundational fact. In effect, under the principal opinion, a defendant will be entitled to relief only when the circuit court expressly states on the record its mistaken belief was the reason it imposed a particular sentence.
Due process prohibits a sentencing court from imposing a sentence based on a materially false foundation-such as the applicable range of punishment, see State v. Cowan , 247 S.W.3d 617, 619 (Mo. App. 2008), whether a sentence is required by law to be consecutive, see Powell , 380 S.W.3d at 635, or whether prior convictions are constitutionally invalid, see Wraggs , 549 S.W.2d at 884 -and entitles a defendant to "reconsideration of the question of punishment in light of the true facts, regardless of the eventual outcome." Id. It follows that the possibility that a sentence might have been different had the circuit court understood the correct range of punishment is the proper legal standard to establish error and require resentencing, even though the sentence was imposed after consideration of valid sentencing factors or was otherwise within the permissible sentencing range.
Here, the circuit court imposed a sentence of 15 years when the court believed the sentencing range was 10 to 30 years in prison. The decision to impose a 15-year sentence was inherently influenced by the mistaken range of punishment expressed by the court. It is possible, therefore, the sentence might have been different had the circuit court understood the proper minimum punishment was five years in prison.
Consequently, I would hold Mr. Pierce's sentence was based on a materially false foundation in that the circuit court was wrong as to the correct enhanced range of punishment. Imposing sentence upon a mistaken belief as to the range of punishment is manifestly unjust and results in plain error. I, therefore, would vacate Mr. Pierce's sentence and remand the case for resentencing.

Unless otherwise noted, all statutory citations are to RSMo Supp. 2013.

Despite the principal opinion's assertion to the contrary, this reading of Elam is anything but piecemeal. Rather, it is the principal opinion that refuses to acknowledge Elam , Scott , and Seaton turn not just on the consideration of other factors but also the complete absence in the record of any indication that the circuit court misunderstood the law while imposing sentence. The records in Elam , Scott , and Seaton do not reflect the court sentenced the defendant while misunderstanding the law because no misstatement of the law was made by the circuit court in those cases. The principal opinion points to no case in which the circuit court misstated the law regarding sentencing and no plain error was found simply because the circuit court stated other valid sentencing factors in the course of sentencing the defendant.