

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED105698 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | |
| | ) | Honorable Sandra Martinez |
| CHRISTINA HALTER, | ) | |
| | ) | |
| Appellant. | ) | Filed: February 13, 2019 |

Before Philip M. Hess, P.J., Robert G. Dowd, Jr., J. and Mary K. Hoff, J.

PER CURIAM

## Introduction

Defendant/Appellant Christina Halter ("Halter") appeals judgment entered upon her conviction of financial exploitation of a disabled person and Medicaid fraud.[1] Halter raises six (6) points on appeal. Points I, II, and III raise allegations of instructional error and Points V and VI raise allegations of unauthorized civil penalties or restitution to the State. On these points, no jurisprudential purpose would be served by written opinion; accordingly, these points have been disposed of by summary order under Rule 30.25.[2]

---

[1] Halter does not raise any points on appeal related to her simultaneous conviction for tax fraud.

[2] All rule citations are to the Missouri Supreme Court Rules (2011) unless otherwise indicated.

On Point IV, Halter argues the trial court erred in sentencing her to concurrent terms of imprisonment for thirty years on two counts of financial exploitation of a disabled person and exceeded its authority in also ordering her to pay restitution to the Victim.

On Point IV, we agree with Halter the trial court erred in entering an unauthorized disposition sentencing her to imprisonment and restitution, and remand for resentencing. The judgment is affirmed in all other respects under Rule 30.25, with a separate written memorandum accompanying this order only for the use of the parties setting forth the reasons for the decision on the Points I, II, III, V, and VI.

## Factual Background

At all relevant times from 2011 to 2013, Halter owned and managed Park Hills Manor LLC, a residential care facility caring for mentally disabled individuals. One such resident individual, J.B., was a veteran diagnosed with schizoaffective and bipolar disorders. On September 18, 2012, Halter agreed to be appointed fiduciary of J.B.'s Veterans Administration funds. Halter affirmed she would, among other things: maintain a client trust account; deposit the individual's funds in a separate account; not commingle funds; disburse rent or mortgage money on a monthly basis; and disburse only for just expenses, including pocket money.

Around November 16, 2012, J.B. approached a volunteer worker for Park Hills Manor and indicated he was to receive a large sum, $209,000, from the V.A. and wanted to pay for his rent in advance out of fear of becoming homeless. Around this time, Halter deposited the $209,000 to an operating account for her business rather than to a client trust account. She did not report the transaction. On November 19, 2012 and again on December 5, 2012, Halter signed contracts with J.B. for non-refundable year-long rental contracts totaling $115,000. She did not report the transactions. Halter purchased three vehicles with the V.A. funds – one jointly titled to Halter and

2

J.B., and the other two solely titled to Halter and her husband. By January 15, 2013, every dollar of the $209,000 fund had been spent.

For the two transactions for the pre-payment of rent, the State charged Halter with two counts of financial exploitation of a disabled person, under section 570.145 RSMo[3], class A felonies. The jury found Halter guilty on these charges and recommended terms of imprisonment for thirty (30) years for each of the financial exploitation charges.

At her sentencing hearing, the trial court ordered her thirty year sentences on the financial exploitation convictions to run concurrently without possibility of probation. The State asked the trial court to order $115,000 in restitution to J.B., the victim. Halter's trial counsel did not specifically object to imposition of the term of imprisonment and the restitution but called the felonies "probationable offenses" with "no provision for restitution."

## Preservation and Standard of Review

Halter argues the trial court was constrained by then-applicable statutes and plainly erred when it exceeded its authority sentencing her to concurrent sentences of imprisonment for thirty years on two counts of financial exploitation of a disabled person, without possibility of probation, and also ordering her to pay $115,000 in restitution.[4] The State opposes review procedurally by this Court on what it describes as invited error. The State also contends Section 557.011.5 RSMo permits a court to make any appropriate order exercising the authority conferred by law to decree, as part of a sentence, a forfeiture of property or impose any other civil penalty. The State argues this would necessarily include restitution, even under then-applicable Section 557.011 RSMo.

---

[3] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

[4] In 2012, Sections 559.021 and 559.100.2 RSMo authorized restitution as conditions of probation and parole respectively.

3

The State argues this Court need not address Halter's concerns at all on the basis of invited error. *See State v. Nenninger*, 188 S.W.2d 56 (Mo. 1945); *State v. Johnson*, 479 S.W.3d 762, 766 (Mo. App. E.D. 2016) ("If a party gets what he requests from the trial court, he should not be able to convict it of error, plain or otherwise, for complying with his request."). The State claims Halter acquiesced to the allegedly improper sentence by requesting a term of years of imprisonment which would allow her to pay restitution while still of a working age. A fair reading of the trial transcript, however, confirms Halter refers to restitution only in the context of the possibility of parole or probation. Halter never explicitly or implicitly expresses acquiescence to restitution in any other context, but instead describes the "probationable offenses" as containing "no provision for restitution."

We review for plain error. We review claims of plain error under a two-prong test. *State v. Robinson*, 541 S.W.3d 21, 27 (Mo. App. E.D. 2018). In the first prong, we determine whether there is, indeed, plain error, which is error that is evident, obvious, and clear." *Id*. (internal citation omitted). If we find an "evident, obvious, and clear" error, then we look to the second prong, where we consider whether "manifest injustice or a miscarriage of justice has resulted from the trial court error." *State v. Pierce,* 548 S.W.3d 900, 904 (Mo. banc 2018). "Relief under the plain error rule is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected." *Id*.  A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome. *Id.* The Supreme Court of Missouri indicates the appropriate remedy when the record shows the circuit court imposed sentence based on its mistaken belief is to vacate a sentence and remand the case to the circuit court for resentencing. *Id*.

Halter complains Missouri does not permit a disposition of restitution alongside a sentence of imprisonment under the plain language of the then-applicable authorized disposition statute, Section 557.011 RSMo. Halter relies upon case law in Missouri to assert the trial court plainly erred in ordering restitution alongside imprisonment. *See State v. Roddy,* 998 S.W.2d 562 (Mo. App. S.D. 1999); *State v. Schnelle,* 398 S.W.3d 37, 47 (Mo. App. W.D. 2013) (citing *Zarhouni v. State*, 313 S.W.3d 713, 715 (Mo. App. W.D. 2010); *Bellamy v. State,* 525 S.W.3d 166, 170 (Mo. App. W.D. 2017).

We agree. Our colleagues in both the Western and Southern Districts have long held a sentence of imprisonment and restitution was not an authorized disposition of a criminal case under Missouri law in 2012, absent statutory authorization. We see no reason to differ. When Halter committed her crimes involving J.B., Sections 559.021 RSMo and 559.100.2 RSMo authorized restitution only as conditions of probation and parole respectively.[5] The authorized disposition statute, however, did not authorize a sentence of imprisonment alongside restitution without specific statutory authorization. *State v. Schnelle,* 398 S.W.3d 37, 47 (Mo. App. W.D. 2013). [6] What is more, the trial court knew of this "prohibition against requiring a prisoner both to serve a prison term and to pay restitution." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 805 (Mo. banc 2014) (Fischer, J., concurring).

Accordingly, where the trial court sentenced Halter to punishment that included imprisonment and restitution for her actions taken in 2012, the sentences were premised upon a faulty foundation; prejudice is to be assumed and must be corrected. *State v. Pierce*, 548 S.W.3d

---

[5] The General Assembly amended Section 559.105.1 effective August 28, 2013. Section 559.105.1 now provides "[a]ny person who has been found guilty of or has pled guilty to an offense may be ordered by the court to make restitution." The State does not assert this new statutory provision applies to Halter.

[6] *See also Spier v. State*, 174 S.W.3d 539, 542 (Mo. App. E.D. 2005) (holding General Assembly in amending criminal code adopted Model Penal Code and its comments); *cf. State v. Newman*, 132 N.J. 159, 167, 623 A.2d 1355, 1359 (1993) (extended discussion of historical interaction between criminal and civil restitution, fines, adoption of the Model Penal Code, and legislative intent).

900, 904 (Mo. banc 2018). The Supreme Court of Missouri has indicated it is appropriate to require resentencing rather than modification. *State v. Pierce*, 548 S.W.3d 900, 905 (Mo. banc 2018) (citing *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo. banc 1977)).

Point IV is granted.

### CONCLUSION

We must vacate the sentences for the two counts of financial exploitation of a disabled person and remand to the trial court for a resentencing on these counts[7] consistent with our opinion. The judgment is affirmed in all other respects.

---

[7] The parties' briefs number these with reference to the verdict directors as Counts III and IV. For sake of clarity, we identify them with reference to the indictment, written sentence, and judgment as Counts VIII and X.