

## Missouri Court of Appeals
### Southern District

#### In Division

STATE OF MISSOURI, )
)
          Respondent, )
)   No. SD 37712
    v. )
)   **Filed:  September 16, 2024**
ELIZABETH H. MCKEOWN, )
)
          Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

**<u>AFFIRMED</u>**

McKeown tricked a motorist into exiting her vehicle, then intentionally struck her with a vehicle and ran over her, resulting in the motorist's death.  A jury found McKeown guilty of first-degree murder and armed criminal action.  She received a three-year sentence for armed criminal action, to be served consecutively to her life sentence for murder.  We need not relate further details of the crimes because McKeown has not challenged the sufficiency of the evidence to sustain her convictions.

McKeown raises three claims of error, acknowledging none have been preserved for appellate review.  She requests plain error review under Missouri Supreme Court Rule 30.20

(2022).

## Plain Error Standard

Our standard of review for plain error was summarized in **State v. Brandolese**:

> Generally, this Court does not review unpreserved claims of error. Rule 30.20 alters the general rule by giving appellate courts discretion to review plain errors affecting substantial rights[, which] may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. Unless manifest injustice or a miscarriage of justice is shown, an appellate court should decline to review for plain error under Rule 30.20. Finally, the defendant bears the burden of demonstrating manifest injustice entitling him to plain error review.

601 S.W.3d 519, 525-26 (Mo. banc. 2020) (internal punctuation and citations omitted).

Allegations of instructional error may be reviewed for plain error. *See id.* at 531. Our review of instructional plain error was summarized in **State v. Oliver**:

> Even when clear and obvious, instructional error seldom constitutes plain error. We will only find plain error when the claimed error actually resulted in manifest injustice or a miscarriage of justice. Regarding alleged instructional error, manifest injustice or miscarriage of justice occurs when the trial court has so misdirected or failed to instruct the jury that it is apparent the error affected (or, as some cases describe it, 'tainted') the verdict. In determining whether the misdirection likely affected the jury's verdict, an appellate court will be more inclined to reverse in cases where the erroneous instruction excused the State from its burden of proof on a contested element of the crime.

655 S.W.3d 407, 414 (Mo.App. 2022) (internal punctuation and citations omitted).

## Notetaking Instruction

McKeown first contends the trial court plainly erred by failing to instruct the jury on

notetaking pursuant to MAI-CR 402.01 and its Note on Use 4.[1]

Notebooks were distributed to the jurors. The trial court orally informed jurors they were permitted (but were not required) to take notes in the notebooks, that their notes could not be taken out of the courtroom (except when they deliberated), and that jurors should write their names on their individual notebooks so each juror's notes would not be read by others. The record contains no indication, and McKeown does not argue, that jurors were permitted to keep their notes after trial or that their notes were not destroyed.

McKeown contends that the Supreme Court of Missouri established a "sufficient guidance" test in *State v. Williams*, 97 S.W.3d 462, 472 (Mo. banc 2003), *as modified on denial of rehearing* (Mar. 4, 2003), to evaluate whether the omission of instructions on juror notetaking resulted in plain error. We are not convinced. The standard applied in *Williams* is the same standard applied in other plain error cases: whether "the alleged error so substantially affected defendant's rights that a miscarriage of justice or manifest injustice would occur if the error were not corrected." *Id.*

In *Williams*, the Court spent only two paragraphs analyzing the instructional error regarding juror notetaking. *Id.* No cases were cited or distinguished in that analysis. *Id.* Due to the brevity of that portion of the opinion and lack of an express announcement of a "sufficient guidance test," we do not read *Williams* to say more than, under the circumstances of that case, the failure to give the written notetaking instruction was "technically erroneous," but no miscarriage of justice occurred because the trial court read the appropriate instruction to the jury. *Id.*

---

[1] MAI-CR references are to Missouri Approved Instructions – Criminal, Fourth Edition (2022).

McKeown demonstrates nothing more than hypothetical prejudice, which falls far short of the high burden to prove manifest injustice or a miscarriage of justice. She highlights the potential problems that the notetaking instructions could prevent or alleviate: interference with the ability to observe the evidence and witnesses as presented, discussion or sharing of notes prior to deliberation, treating notes as evidence, assuming notes are more accurate than jurors' recollections, etc. While these are all legitimate concerns supporting the existence and giving of the notetaking instruction, there is no indication or argument any of those circumstances actually occurred in this case. McKeown simply argues that the jury was not adequately informed. When the only evidence or allegation a defendant suffered an unfair or unjust trial is the unpreserved instructional error itself, the defendant has not met his or her burden to establish manifest injustice. *Brandolese*, 601 S.W.3d at 526.

Manifest injustice is a high burden to meet, and for good reason. Had this omission been brought to the attention of the trial court in a timely manner, it could have been addressed. Criminal defense counsel with 40 years of experience in the practice of law[2] and a very experienced trial judge did not make a record of any perceived problems or issues with juror notetaking at trial. We cannot condone the failure to properly instruct the jury, but such error did not relieve the prosecution of its burden of proof, preclude McKeown from presenting her defense, or call into question the validity of the verdict.

The trial court erred when it permitted the jury to take notes but did not include the notetaking paragraphs contained in MAI-CR 402.01. However, McKeown has not borne her burden to prove such error resulted in a manifest injustice or a miscarriage of justice. Point one

---

[2] McKeown's appellate counsel did not represent her at trial or at sentencing.

is denied.

## Verdict Director Cross-Reference

McKeown next contends the trial court plainly erred by omitting a cross-reference paragraph for the involuntary intoxication instruction in the first-degree murder verdict director as required by MAI-CR 410.52 Note on Use 2, which provides, in relevant part, "When [an involuntary intoxicated or drugged condition instruction is] given, a paragraph making a cross-reference to this instruction will be added to the verdict director . . . ." The defense did not object to the state's proposed verdict director on this basis or submit its own first-degree murder verdict director containing a cross-reference paragraph.

The omission of the cross-reference paragraph in the verdict director was erroneous but did not constitute plain error. Where, as here, the jury is instructed on an affirmative defense, the attorneys specifically refer to that affirmative defense instruction in closing arguments,[3] and the defendant does not show the jury either was unaware of or failed to use the affirmative defense instruction during its deliberations, an erroneous omission of a cross-reference paragraph in the verdict director does not rise to the level of manifest injustice or miscarriage of justice. *State v. Hawkins*, 58 S.W.3d 12, 18 (Mo.App. 2001); *State v. Cooksey*, 805 S.W.2d 709, 710-11 (Mo.App. 1991); *State v. Dunlap*, 706 S.W.2d 272, 277 (Mo.App. 1986). Point two is denied.

## Armed Criminal Action Sentence

McKeown's third and final claim of error is that the sentencing court was under the

---

[3] Defense counsel argued, "I want you to specifically think about, look at, Instruction 7 the Judge read you . . . ." Later, counsel quoted a portion of that same instruction. In rebuttal, the state referred to the involuntary intoxication instruction and emphasized portions not mentioned by the defense.

mistaken impression it had no discretion to run her armed criminal action sentence concurrent with her life sentence, and therefore resentencing is necessary.[4]  McKeown "has the burden to establish the circuit court based its sentence on a mistaken belief, not merely that it held such a belief.  Anything short of that does not rise to the level of manifest injustice."  **State v. Pierce**, 548 S.W.3d 900, 906 (Mo banc 2018).

The state requested a 10-year sentence on the armed criminal action count, to run consecutively to the murder sentence.  Defense counsel argued for the minimum armed criminal action sentence:  three years.  The court then inquired, "[Defense counsel], you agree that the sentence [for armed criminal action], given the date of these events, would have to run consecutive [sic]?"  Counsel replied, "I understand," not challenging the court's interpretation of the law or arguing for concurrent sentencing.  The court stated, "As both sides have pointed out, the Court has very little discretion here," then pronounced McKeown's sentences.

McKeown received the armed criminal action sentence she requested.  "Where a defendant affirmatively accepts and agrees to what the trial court proposes, any claim of error related to the trial court's action is affirmatively waived, negating plain error review."  **State v. Winters**, 623 S.W.3d 746, 753 (Mo.App. 2021).  "[A] defendant cannot affirmatively accept a

---

[4] A defendant usually is sentenced according to the law in effect at the time the offense was committed.  **Belk v. Missouri Dep't of Corr.**, 689 S.W.3d 222, 233 n.10 (Mo.App. 2024).  The state charged and the jury found that McKeown committed armed criminal action on November 20, 2018.  The version of § 571.015.1 RSMo. in effect at that time did not mandate a sentence for armed criminal action run consecutive to a sentence for the underlying conviction.  **State v. Summers**, 456 S.W.3d 441, 446 (Mo.App. 2014) *abrogated on other grounds by State v. Pierce*, 548 S.W.3d 900, 905 n.3 (Mo. banc 2018).  "In 2020, however, this statute was amended to require a sentence for armed criminal action to run 'consecutive to' any punishment provided by law for the underlying crime.  [McKeown's] offenses occurred prior to the 2020 amendment, so the trial court was not required to run the sentences consecutively."  **State v. Halbrook**, 666 S.W.3d 197, 198 n.1 (Mo.App. 2023) (internal citation omitted).

judge's proposed action in the hope of a strategic advantage; then, turn 180 degrees and urge an appellate court to find the trial court plainly erred in doing that to which the defendant originally agreed." *Id.* at 754 (citation omitted).

We deny point three and affirm the judgment and convictions.


JACK A. L. GOODMAN, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS